**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel David KIMPLE, Defendant–
Appellant.**

**No. 92–10735.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1994.

Decided June 24, 1994.

As Amended on Denial of Rehearing
Sept. 19, 1994.

---

Randolph E. Daar, Serra, Perelson, Lichter, Daar & Bustamante, San Francisco, CA, for defendant-appellant.

Samuel Wong, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.

Opinion by Judge T.G. NELSON.

T.G. NELSON, Circuit Judge:

# I

## OVERVIEW

Daniel Kimple (Kimple) appeals his seventy-month sentence imposed after he pled guilty to growing more than 100 marijuana plants. The district court granted a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but refused to grant an additional one-level reduction for acceptance of responsibility under § 3E1.1(b)(2). We must determine whether the district court erred in refusing to grant the additional reduction for timely acceptance of responsibility. Because we conclude that the Government's defense to Kimple's pretrial motions does not constitute trial preparation for purposes of the timely acceptance reduction under subsection (b)(2), we vacate Kimple's sentence and remand for resentencing.

# II

## BACKGROUND

The charges against Kimple arise from evidence seized at the California property of his co-conspirator, Ronald Harvey, on August 9, 1991, during the execution of a state search warrant. Evidence seized included 626 marijuana plants growing in a hydroponic system, as well as evidence of prior growing activity. The officers also searched a trailer located on the property in which Kimple was living and found marijuana and seeds. Kimple was arrested a few miles from the Harvey property. A search of the vehicle he was driving produced a carbon dioxide tank which could be used with the gas dispersal system found at the grow site.

A federal grand jury for the Eastern District of California charged Kimple and codefendant Harvey with conspiracy and attempt to manufacture marijuana and manufacturing marijuana, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, in an indictment filed on August 23, 1991. A superseding indictment was filed on September 27, 1991, and then on December 19, 1991, finding the case complex for purposes of the Speedy Trial Act, the district court granted a continuance for filing pretrial motions.

On January 28, 1992, Kimple joined in two motions filed by Harvey: (1) a motion to disclose the identity of confidential informants, and (2) a motion to suppress evidence seized from the property. Two days later, Kimple filed his own motion to suppress evidence. On February 24, 1992, the district court granted another continuance and once again extended the briefing and hearing schedule of pretrial motions. A second superseding indictment was filed on April 10, 1992. The district court finally held a hearing on the motions on April 30, 1992. Recognizing that it was "something of a close case," the district court found that there was probable cause. In the alternative, the district court found that even if there was not probable cause for the search, the case nonetheless fell within the good faith exception.

The district court set an evidentiary hearing on the remaining issues for June 11, 1992, and then later granted the Government's motion for a continuance to July 9, 1992. At the July 9 hearing, the district court again declared the case complex, requested additional briefing on several remaining issues, and scheduled a hearing on those issues for September 17, 1992. On the September 17 hearing date, before the district court had made its final ruling, Kimple pled guilty to Count Three of the superseding indictment charging him with the manufacture of 626 marijuana plants in violation of 21 U.S.C. § 841(a)(1).[1]

Prior to sentencing, Kimple joined Harvey's objection to the presentence report (PSR) in which both defendants argued that they were entitled to an additional one point reduction in their offense levels for timely

---

1. Codefendant Harvey also pled guilty at that time to Count Three and Count Four (criminal forfeiture).

acceptance of responsibility. At sentencing on December 3, 1992, the district court granted Kimple a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but denied the additional one point reduction under the acceptance of responsibility provision (§ 3E1.1(b)).[2] He was sentenced to seventy months in prison followed by a four-year term of supervised release. Kimple appeals contending that the district court erred in denying the additional one-level reduction.

## III

## STANDARD OF REVIEW

 We review *de novo* the district court's application of the Sentencing Guidelines and for clear error the district court's factual findings. *United States v. Watt*, 910 F.2d 587, 589 (9th Cir.1990), *disapproved on other grounds, United States v. Anderson*, 942 F.2d 606, 614 n. 5 (9th Cir.1991) (en banc) (regarding standard to apply in determining the binding force of Guideline commentary). Whether the defendant is entitled to an acceptance of responsibility reduction is a factual determination also subject to the clearly erroneous standard of review. *United States v. Martinez–Gonzalez*, 962 F.2d 874, 878 (9th Cir.1992).

## IV

## DISCUSSION

Kimple contends that the district court erred in refusing to grant an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). We agree.

The Guidelines permit the district court to reduce a defendant's offense level by two if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a) (Nov. 1992). In 1992, the Sentencing Commission amended[3] the acceptance of responsibility provision to entitle the defendant to

an additional one-level reduction if he establishes that he: (1) qualifies for the two-level decrease under subsection (a); (2) has an offense level of 16 or greater prior to the operation of subsection (a); and (3) has assisted authorities in the investigation and prosecution of his own misconduct by either (i) timely providing complete information regarding his involvement in the offense to the Government, or (ii) timely notifying the authorities of his intention to enter a guilty plea. § 3E1.1(b) (Nov. 1992). Kimple has satisfied the first two elements of the Guideline provision—he received the two-point acceptance of responsibility reduction and his offense level was 28 prior to the application of subsection (a). As for the third element, Kimple does not argue that he is entitled to an additional one-level reduction under subsection (b)(1) for timely providing complete information to the Government as to his involvement in the offense. Rather, he contends that he is entitled to the additional one-level reduction because he notified the Government of his guilty plea in a timely manner within the meaning of subsection (b)(2). Accordingly, we must determine what constitutes "timely" acceptance of responsibility for purposes of subsection (b)(2), an issue of first impression in this circuit.

 Subsection (b)(2) defines timely acceptance in functional, not exclusively temporal, terms. That is, a defendant is entitled to the additional reduction for timely notifying the authorities of his intention to plead guilty if the two goals of that provision are fulfilled: (1) the Government avoids needless trial preparation, and (2) the court is able to allocate its resources efficiently. *See* § 3E1.1(b)(2). Application Note 6 provides in pertinent part:

> For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process *so that the Government may avoid preparing for trial and the court may schedule its calendar efficiently.*

§ 3E1.1, comment. (n. 6) (Nov. 1992) (emphasis added). Note 6 further explains that "[i]n

---

**2.** Harvey withdrew his objection at sentencing because the issue was moot.

**3.** Prior to the 1992 amendment, subsection (b) provided:

> A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

U.S.S.G. § 3E1.1(b) (Nov.1991).

*general,* the conduct qualifying for a decrease ... under subsection [ (b)(2) ] will occur particularly early in the case." *Id.* (emphasis added). That provision is also careful to point out, however, that the timeliness consideration is context specific. *Id.* The timely acceptance provision should not be applied so that the passage of time is the only consideration. Accordingly, when both prerequisites of subsection (b)(2) are satisfied, the reduction is appropriate, even though some period of time may have elapsed. The Fifth Circuit has similarly construed the meaning of the timely acceptance under subsection (b)(2). *See United States v. Tello,* 9 F.3d 1119, 1125 (5th Cir.1993) (timeliness of notification of intent to plead guilty equated with prosecution's ability to avoid trial preparation and court's ability to allocate its resources efficiently).

■ The denial of a reduction under subsection (b)(2) is impermissible if it penalizes a defendant who has exercised his constitutional rights. We have held that "in determining a defendant's acceptance of responsibility, a sentencing court cannot consider against a defendant any constitutionally protected conduct, whether it occurs *before* or after the entry of a plea." *Watt,* 910 F.2d at 592 (emphasis added). Moreover, we concluded that "the district court may not balance against evidence of remorse or acceptance of responsibility, the fact that the defendant requested counsel, or relied upon the privilege not to make any statement to the police or *to assist them in gathering inculpatory evidence." Id.* (emphasis added). Even though both the Government and the district court may expend time and resources in preparing and considering pretrial motions, these concerns must be balanced against the prevailing constitutional concerns. Because constitutionally protected conduct should not be considered against the defendant for purposes of an acceptance of responsibility reduction, *see id.,* a defendant's exercise of those rights at the pretrial stage should not in and of itself preclude a reduction for timely acceptance. Accordingly, a defendant is

entitled to receive the timely acceptance reduction only if he has pled guilty before the prosecution has begun meaningful trial preparations and before the district court has unnecessarily expended its resources,[4] thereby preserving his constitutional rights and fulfilling the goals of subsection (b)(2).

■ If the Government establishes that it prepared for trial in conjunction with responding to pretrial motions, denial of the reduction may be justified. However, where the record reflects only the Government's efforts in responding to such motions, as in the present case, then the trial court may not deny the additional reduction for timely acceptance simply because a defendant vigorously defended a motion to suppress or simply because a given length of time has elapsed prior to the defendant noticing his intent to plead guilty.

■ Finally, we emphasize that a defendant who pleads guilty on the eve of trial is not entitled to the reduction for timely acceptance of responsibility under subsection (b)(2). *See, e.g., United States v. Robinson,* 14 F.3d 1200, 1203 (7th Cir.1994) (guilty plea four days before trial not timely acceptance); *United States v. Schau,* 1 F.3d 729, 731 (8th Cir.1993) (defendant not entitled to timely acceptance reduction where Government had already prepared for trial before defendant confessed and pled guilty); *United States v. Donovan,* 996 F.2d 1343, 1345 (1st Cir.1993) (defendant not entitled to timely acceptance reduction where defendant's plea agreement was reached on the eve of a second trial date). As the First Circuit states, a defendant who "stands poised on the brink of trial has no entitlement to the [ (b)(2) reduction]." *United States v. Morillo,* 8 F.3d 864, 872 (1st Cir.1993). Eve of trial pleas defeat the purpose of subsection (b)(2) and do not necessarily serve to vindicate the defendant's constitutional rights. The defendant's guilty plea must come early enough in the proceedings to preclude the Government from preparing for trial and to enable the court to avoid unnecessarily expending judicial resources.

■ With the foregoing principles in mind, we turn to the case at hand. The district

---

4. We decide only that given the facts of this particular case, the district court did not inefficiently expend its judicial resources in ruling on the pretrial motions. We do not attempt, however-

er, to set forth specific examples in which the use of judicial resources would preclude an additional one-point reduction; rather, such determinations should be made on a case-by-case basis.

court denied the additional (b)(2) reduction, reasoning as follows:

> I would have to say that here there was some delay in making the decision to plead guilty. There were two motions. They were voluminous. They required considerable effort on the part of the Government and on the part of the Court. I think in this context, the additional point off is not justifiable, so I don't accept the objection.

In its written order denying the reduction, the district court found that:

> Kimple's guilty plea was not sufficiently timely or "particularly early in the case" to warrant an additional one level decrease in offense level. The Court notes that Kimple[ ] entered his guilty plea on September 17, 1992, over a year after his indictment on August 23, 1991. The Court further finds that Kimple vigorously defended himself by filing a motion to suppress evidence that involved extensive briefing by the parties and hearing and consideration by the Court.

The district court's denial of the additional one-level reduction was based upon the fact that over a year passed before Kimple entered the plea and that during that time he had filed a motion to suppress.[5] Although the district court may properly deny the reduction because Kimple failed to notify authorities of his intent to plead guilty before the Government was able to avoid trial preparations, or before the court had set the calendar for trial, it cannot deny the reduction on the basis that Kimple exercised his constitutional rights at the pretrial stage of the proceedings. *See United States v. Sitton,* 968 F.2d 947, 962 (9th Cir.1992) ("district court may deny the [acceptance of responsibility] reduction because of a lack of contrition despite the increased costs im-

posed upon the defendant's choice to remain silent or to proceed to trial, but may not deny the reduction *because* of that choice in spite of other manifestations of sincere contrition" (emphasis added)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1306, 122 L.Ed.2d 695 (1993); *see also Watt,* 910 F.2d at 593 ("Penalizing a defendant for failing to provide evidence against himself ... violates his constitutionally protected rights.").

Although the guilty plea did not occur until over one year after the initial indictment was filed, it came only some five months after the Government filed its second superseding indictment. Moreover, we do not consider the length of time that has passed in isolation. *See* § 3E1.1, comment. (n. 6) (timeliness consideration is context specific). The following factors are also significant in making the timeliness determination: (1) the Government caused some of the delay by filing two superseding indictments, one on September 27, 1991, and another on April 10, 1992; (2) Kimple's motion to suppress was not frivolous as the record indicates that the district court declared several times that the case was complex and that the issue of probable cause was "something of a close call"; and (3) the delay was caused in major part by at least four continuances either because the parties sought to continue, or because the district court needed additional briefing on various issues. When Kimple pled guilty, no trial date had been set and the Government had not yet begun any meaningful trial preparations.[6]

The Government argues that it was nonetheless forced to prepare for trial in opposing the motion to suppress so that it could preserve evidence for trial. We disagree with the Government's characterization of its efforts as trial preparation. Merely opposing a suppression motion is not sufficient to consti-

---

5. Kimple claims that the district court improperly held that he had filed two motions when, in fact, he had filed only one motion. Nonetheless, Kimple's joinder and participation in two motions filed by his codefendant support the district court's ruling. It was proper for the district court to have treated Kimple's joinder and participation in his codefendant's motions as if Kimple had filed them. We find no error in the district court's characterization of Kimple's efforts.

6. In this case, the Government's efforts were directed at responding to Kimple's pretrial motion to suppress and not at preparing for trial. We express no opinion as to what will constitute meaningful trial preparation in future cases. However, we emphasize that the burden will be on the Government to establish to the satisfaction of the district court that it was engaged in meaningful trial preparation when the defendant gave notice of his intent to plead guilty.

tute trial preparation. Nor has the Government established that it did in fact prepare for trial beyond its opposition to Kimple's pretrial motions. *See, e.g., United States v. Mills*, 9 F.3d 1132, 1138 (5th Cir.1993) (timely acceptance reduction proper where Government fails to show that defendant's guilty plea came too late to prevent it from preparing for tentative trial date).

The Government also contends that pretrial motions consume the district court's resources, contrary to the second prong of the timeliness consideration. The district court did not find that the time consumed over Kimple's motion interfered with the efficient allocation of judicial resources. As such, the Government's argument is purely hypothetical and contrary to the district court's express findings, which denied the one-point reduction because of the time consumed due to Kimple's vigorous defense of his suppression motion. As we have already indicated, the district court's efficient use of its resources must be balanced against the defendant's right to have his pretrial motions decided and § 3E1.1 defines timely acceptance in functional terms. In any event, where the proceeding is at the pretrial stage and the district court has not yet expended its resources, the guilty plea may still be timely.

■ We note, however, that the additional reduction may be inappropriate where a defendant files a frivolous pretrial motion merely as a dilatory tactic or to prevent the Government from preparing for trial. Similarly, the defendant may not be entitled to the reduction when the Government establishes that it prepared for trial at the same time it worked on pretrial motions. Ultimately, the district court is in the best position to determine whether the guilty plea came early enough to prevent the trial court and the Government from wasting time and resources in preparation for the defendant's trial. In reaching that decision, however, the district court may not penalize the defendant for legitimately attempting to protect his constitutional rights.

We are aware that judicial and prosecutorial resources were expended in this case. Nonetheless, this expenditure was neither inefficient nor wasted. Those resources were expended not in conducting trial preparation, but in considering pretrial motions necessary to protect Kimple's rights. Kimple's motion was not frivolous. As the district court acknowledged, the suppression issue was a close question. Accordingly, we conclude that the district court erred in denying the additional one-level reduction for timely acceptance.[7]

VACATED AND REMANDED.

---

7. In his reply brief, Kimple asks us to impose sanctions on the Government for filing a 432–page supplemental excerpts of record. He relies upon Circuit Rule 30–1.3 which states that the "excerpts of record shall not include briefs or other memoranda of law filed in the district court unless necessary to the resolution of an issue on appeal, and shall include only those pages necessary therefor." Although some of the excerpts were not particularly helpful in resolving the issues in this appeal, we decline to impose sanctions.