59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David KAHO, Defendant-Appellant.
 No. 94-10605.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Kaho appeals his sentence of 78 months imposed following his guilty plea to conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a) and 846. Kaho contends that the district court erred by refusing to grant an additional one-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b)(2). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's determination of a defendant's entitlement to an acceptance of responsibility reduction. United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994).
 
 
 4
 A defendant is entitled to a two-level reduction of his offense level if he "clearly accepts responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). An additional one-level reduction should be granted if the defendant "timely notif[ies] authorities of his intention to plead guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. Sec. 3E1.1(b)(2); see also United States v. Narramore, 36 F.3d 845, 846 (9th Cir.1994) (acceptance not timely where government had begun trial preparation because defendant at no time approached government with his intent to plea); cf. Kimple, 27 F.2d at 1413 (denial of additional reduction was improper where record only reflected government's efforts in responding to pretrial motions).
 
 
 5
 The district court granted Kaho a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a), but denied the additional one-point reduction under Sec. 3E1.1(b) based upon the fact that the government had transported one of its principal witnesses to the District of Hawaii to testify prior to Kaho's plea.[1] Additionally, the record reveals that the government had filed its trial memorandum, proposed jury instructions, and the stipulated testimony of one of its witnesses before Kaho entered his guilty plea. See Narramore, 36 F.3d at 846; cf. Kimple, 27 F.3d at 1413. In light of these facts, we conclude the district court did not commit clear error in denying Kaho an additional one point reduction for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1(b)(2); Kimple, 27 F.3d at 1412.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kaho argues that the district court's finding was improperly based upon conclusory facts in the presentence report because the government presented no details as to when the witness was transported. Since Kaho failed to object to the factual statements in the presentence report in the district court, he waived the challenge. See United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991). Additionally, Kaho carried the burden of demonstrating the acceptance of responsibility. See United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994)