60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo DOMINGUEZ-ALVARADO, Defendant-Appellant.
 No. 94-50570.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Dominguez-Alvarado appeals the 70-month sentence imposed following his guilty pleas to conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. Secs. 841(a) and 846. Dominguez-Alvarado contends the district court erred by refusing to grant an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b)(2). We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir. 1994). Whether a defendant is entitled to a reduction for acceptance of responsibility is a factual determination that we review for clear error. Id.
 
 
 4
 A defendant is entitled to a two-level downward adjustment of his offense level if he "clearly accepts responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). The Guidelines mandate an additional one-point reduction for acceptance of responsibility when the defendant: (1) qualified for the two-point reduction under section 3E1.1(a); (2) has a base offense level of 16 or greater before the reduction; and (3) has assisted authorities either by timely providing complete information, or by timely entering a guilty plea. See U.S.S.G. Sec. 3E1.1(b); see also United States v. Narramore, 36 F.3d 845, 846 (9th Cir. 1994); Kimple, 27 F.3d at 1412.
 
 
 5
 When the defendant has met the first two requirements for the one-level reduction under section 3E1.1(b), the court must make a factual determination as to whether the defendant assisted the authorities by timely providing information or pleading guilty.[1] United States v. Colussi, 22 F.3d 218, 220 (9th Cir. 1994).
 
 
 6
 Dominguez-Alvarado contends that the district court erroneously exercised its discretion in denying his request for an additional one-level reduction. We agree. Where, as here, the defendant has met the conditions set forth under section 3E1.1(b), the additional reduction is mandatory. See id.
 
 
 7
 In the PSR, the probation officer recommended against granting any reduction for acceptance of responsibility because Dominguez-Alvarado's continuing involvement in heroin trafficking while in custody indicated a lack of remorse.[2] See United States v. Cooper, 912 F.2d 344, 348 (9th Cir. 1990) (the district court may consider a defendant's continued criminal conduct as evidence of a lack of remorse for the offense of conviction, in spite of the defendant's statements to the contrary); see also U.S.S.G. Sec. 3E1.1 comment. (n.1(b)).
 
 
 8
 At sentencing, Dominguez-Alvarado argued that the allegations regarding his continued involvement in the distribution of heroin were insufficient for the court to make a finding. In addition, Dominguez-Alvarado argued that his timely guilty plea and his expressions of remorse over his involvement evidenced acceptance of responsibility.
 
 
 9
 The district court granted the two-level reduction pursuant to section 3E1.1(a), but denied Dominguez-Alvarado's request for the additional one-level reduction under section 3E1.1(b). In doing so, the court failed to make the requisite factual finding to determine whether Dominguez-Alvarado's plea was sufficiently timely under section 3E1.1(b).[3] See Colussi, 22 F.3d at 220.
 
 
 10
 Here, Dominguez-Alvarado entered his guilty plea one month after the disposition of pretrial motions and before a trial date was set. Thus, his plea was sufficiently timely to warrant an additional reduction under section 3E1.1(b)(2). See Kimple, 27 F.3d at 1414-15. The record indicates that Dominguez-Alvarado wanted to plead guilty earlier, but that he had to wait because the district judge assigned to the case was away for a month.
 
 
 11
 Based upon the district court's grant of two points for acceptance of responsibility and Dominguez-Alvarado's timely guilty plea, we conclude that the district court erred by denying the additional one-point reduction pursuant to section 3E1.1(b). See Kimple, 27 F.2d at 1415. Accordingly, we vacate Dominguez-Alvarado's sentence and remand to the district court for resentencing consistent with this memorandum disposition. See id.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Commentary to section 3E1.1 provides: "In general, the conduct qualifying for a decrease in offense level under (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. Sec. 3E1.1, comment. (n.6)
 
 
 [2]
 Approximately four months after Dominguez-Alvarado was arrested on these charges, his brother Saturnino was arrested for distributing heroin. After waiving his rights, Saturnino made a statement to undercover police officers which implicated Dominguez-Alvarado in continuing drug trafficking. He stated that after Dominguez-Alvarado was arrested and in custody, he called Saturnino and instructed him to retrieve five ounces of heroin which was hidden at a particular location
 
 
 [3]
 Nonetheless, the court's justification for the two-level reduction is based primarily upon the timeliness of Dominguez-Alvarado's plea:
 The Court finds that the base level of the offense is 26, and the Defendant did avoid a trial; he did enter a plea of guilty, and I'm going to give him two points for acceptance of responsibility, just merely because he entered a plea of guilty, not because of the fact that he's accepted responsibility as such, but I should give him some credit for that.