91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro ESCOBEDO-MORENO, Defendant-Appellant.
 No. 95-50356.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Escobedo-Moreno appeals his 70-month sentence following a guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952, 960, and possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Escobedo-Moreno received a two-level reduction in his offense level under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Escobedo-Moreno contends that the district erred by refusing to grant an additional one-level reduction under U.S.S.G. § 3E1.1(b)(2), and refusing to grant a downward departure for Escobedo-Moreno's promise not to challenge the exclusion hearing. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review for clear error the district court's determination to grant or deny an acceptance of responsibility reduction, United States v. Rutledge, 28 F.3d 998, 1000 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995), and affirm.
 
 I. Downward Adjustment
 
 3
 A defendant is entitled to a two-level reduction of his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (1995); see United States v. Narramore, 36 F.3d 845, 847 (9th Cir.1994). If a defendant notifies authorities of his intention to plead guilty early in the case, thereby permitting the government to avoid preparing for trial and allowing the court to allocate its resources efficiently, he is entitled to an additional one-level reduction. U.S.S.G. § 3E1.1(b)(2) (1995); United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994). "[T]he timeliness of a defendant's decision to plead guilty will necessarily depend on the extent of trial preparation already undertaken prior to the plea and the decision's proximity in time to the trial date." United States v. Hopper, 27 F.3d 378, 385 (9th Cir.1994).
 
 
 4
 Here, Escobedo-Moreno notified the government of his intention to plead guilty one week before trial. Plea negotiations between Escobedo-Moreno and the government terminated two weeks prior to trial because Escobedo-Moreno rejected the government's plea offers. In the five days prior to Escobedo-Moreno's notification, the government prepared for trial by having the prosecutor or case agent: (1) obtain copies of certified court dockets, Escobedo-Moreno's police record, the soundex of Escobedo-Moreno's driving record; (2) submit the packages of marijuana for fingerprint examination; (3) travel to Chula Vista and Bonita, California, to interview a witness; and (4) attend a trial team meeting.
 
 
 5
 Because Escobedo-Moreno refused to accept a plea offer until five days before trial, the government was forced to engage in needless trial preparation which, in turn, caused the court to allocate its resources in an inefficient manner. See U.S.S.G. § 3E1.1(b)(2) (1995); Kimple, 27 F.3d at 1412. Therefore, the district court's finding that Escobedo-Moreno was ineligible to receive the additional one-level reduction was not clearly erroneous. See Hopper, 27 F.3d at 385.
 
 II. Downward Departure
 
 6
 The district court's discretionary refusal to depart downward from the Sentencing Guidelines is not reviewable on appeal, unless the trial court indicated that it did not have legal authority to depart. United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995).
 
 
 7
 The district court expressly stated, during sentencing, that it was exercising its discretion not to depart below the guideline for Escobedo-Moreno's promise not to challenge the exclusion hearing. Thus, the issue of downward departure is not reviewable on appeal. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3