103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane A. HAMLIN, Jr., Defendant-Appellant.
 No. 95-10476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1996.*
Decided Dec. 6, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, VANCE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Duane Hamlin ("Defendant") appeals his sentence following his guilty plea to one count of aggravated sexual assault of his estranged wife, Cindy Hamlin, in violation of 18 U.S.C. § 2241(a). Defendant pleaded guilty one day before the scheduled jury trial,[1] and the district court reduced his offense level by two levels for acceptance of responsibility under USSG § 3E1.1(a), but denied an additional one-level reduction under § 3E1.1(b)(2) because Defendant's acceptance of responsibility was untimely. The court sentenced Defendant to 108 months imprisonment--the maximum sentence within the applicable sentencing range. Defendant argues that the district court should have granted the additional one-level reduction under § 3E1.1(b)(2) because he entered his guilty plea as soon as he knew the government's evidence against him and because the court was able to allocate its resources efficiently. Defendant further argues that the district court should not have sentenced Defendant to the maximum sentence.
 
 I. ACCEPTANCE OF RESPONSIBILITY
 
 4
 The district court's withholding of an additional one-level reduction under USSG § 3E1.1(b)(2) is reviewed for clear error. United States v. Hopper, 27 F.3d 378, 382 (9th Cir.1994).
 
 
 5
 USSG § 3E1.1(b)(2) provides for an additional one-level sentence reduction to defendants for "timely notifying authorities of [an] intention to plead guilty." USSG § 3E1.1(b)(2).[2] Section 3E1.1(b)(2) defines timely acceptance of responsibility "in functional, not exclusively temporal, terms." United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994). That is, notification is "timely" if the defendant "notif[ies] authorities of his intention to plead guilty early enough to allow 'the government to avoid preparing for trial' and to permit 'the court to allocate its resources efficiently.' " Hopper, 27 F.3d at 385 (emphasis in original) (quoting USSG § 3E1.1(b)(2)); see also USSG § 3E1.1, comment. (n. 6) ("[T]he defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently."). We have held that unless both criteria are met, a defendant is not eligible for a § 3E1.1(b)(2) reduction. See Hopper, 27 F.3d at 385 (concluding that "if either the prosecution is substantially prepared to present its case or the court has not been given sufficient time to reschedule its calendar, then the defendant is not entitled to an additional one-level reduction under subsection (b)(2)"); Kimple, 27 F.3d at 1413 ("The defendant's guilty plea must come early enough in the proceedings to preclude the Government from preparing for trial and to enable the court to avoid unnecessarily expending judicial resources.").
 
 
 6
 Here, Defendant informed his attorney of his intention to plead guilty the day before the scheduled trial date. The government had already prepared and filed all its trial documents. Specifically, the government had brought two government witnesses from Massachusetts to testify, had completed interviewing most of its prospective witnesses, had prepared jury instructions, a witness list, an exhibit list, and a trial memorandum. Addendum to PSR at 2A.
 
 
 7
 Furthermore, the acceptance of responsibility on the eve of trial did not enable the court to allocate its resources efficiently. The judicial efficiency prong is not met if "the court has not been given sufficient time to reschedule its calendar." Hopper, 27 F.3d at 385; see also USSG § 3E1.1, comment. (n. 6) (efficient allocation of court resources includes efficient rescheduling of the court's calendar). Indicating a willingness to accept responsibility one day before the scheduled trial, as in this case, does not pass this test.
 
 
 8
 We conclude that Defendant's acceptance of responsibility on the eve of trial did not permit the government to avoid preparation for trial or the court to allocate its resources efficiently. Therefore, the district court did not clearly err in denying the additional one-level reduction under § 3E1.1(b)(2).[3]
 
 II. SENTENCE WITHIN APPLICABLE RANGE
 
 9
 A sentence within the applicable guideline range must have been imposed in violation of law for this court to have jurisdiction to review the district court's sentence. 18 U.S.C. § 3742(a)(1); United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994); United States v. Cervantes-Valenzuela, 931 F.2d 27, 28 (9th Cir.1991); United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990). See also Williams v. United States, 503 U.S. 193, 205, 112 S.Ct. 1112, 1121 (1992) ("[S]election of the appropriate sentence from within the guideline range ... [is a] decision[ ] that [is] left solely to the sentencing court."). Defendant does not argue that the district court imposed the sentence "in violation of law." Therefore, the district court's decision to sentence Defendant within the guideline range is not appealable and this court does not have jurisdiction to review this issue.
 
 CONCLUSION
 
 10
 For the reasons stated above, we AFFIRM the district court's decision.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the government states in its brief that Defendant informed authorities of his intent to plead guilty three days before the scheduled trial date of June 29, Red Br. at 7, a stipulation for the change of trial date was entered on June 26--the same day that Defendant allegedly decided to change his plea to guilty. CR # 22. Before this stipulation, the trial was set for June 27. ER at 62
 
 
 [2]
 USSG § 3E1.1 reads:
 (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater,
 and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
 decrease the offense level by 1 additional level.
 USSG § 3E1.1.
 
 
 [3]
 Defendant's main argument is that he is entitled to wait until he has seen all the evidence the government has against him so that he can make an informed decision about pleading guilty. ER at 28-29; Blue Br. at 14. The district court rejected this argument stating that Defendant had known what he did all along and so he does not need to wait for the evidence. ER at 34. We need not consider this point because we need to look at only whether the notification "permit[ted] the government to avoid preparing for trial and permit[ted] the court to allocate its resources efficiently." USSG § 3E1.1(b)(2)