111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David LOVE, Defendant-Appellant.
 No. 96-30196.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1997.
Decided April 15, 1997.
 
 Before: WRIGHT, REINHARDT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We must first decide whether David Love waived his right to appeal his concurrent sentences by failing to object at his sentencing hearing. We hold that he did not. This circuit does not, as a general rule, consider an issue initially raised on appeal, but may do so where the issue is purely one of law and does not rely on the factual record or relies on a fully developed record. United States v. Castro, 887 F.2d 988, 996 (9th Cir.1989). This challenge to proper interpretation and application of the Sentencing Guidelines is purely an issue of law and we accept review. We review de novo a district court's application of the Sentencing Guidelines. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 
 3
 Love argues that the court erred in imposing two concurrent sentences for conspiracy to receive, possess, or dispose of stolen firearms and for attempted obstruction of justice. He agrees that the Sentencing Guidelines require the two offenses to be "grouped," but argues that a single sentence should have been imposed on the two grouped counts.
 
 
 4
 When multiple counts of conviction are grouped to determine the combined offense level, sentencing is determined under USSG § 5G1.2. See USSG § 3D1.1, comment. (backg'd). Section 5G1.2 instructs courts to use the combined offense level to determine the combined length of the sentences. This is the "total punishment." USSG § 5G1.2 comment. It then instructs courts to impose the total punishment on each count, with sentences to run concurrently. USSG § 5G1.2(b), (c) & comment. Accordingly, we hold that the court properly sentenced Love to concurrent terms.
 
 
 5
 Love also appeals the denial of a reduction in his sentence for acceptance of responsibility. He argues that the court focused only on the firearms charge and failed to make findings to support the denial of a reduction on the obstruction charge.
 
 
 6
 Entitlement to a reduction under the Sentencing Guidelines for acceptance of responsibility is a factual determination that we review for clear error. United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994).
 
 
 7
 We have held that the acceptance of responsibility reduction in § 3E1.1 is applied after multiple counts are combined, not to each offense. United States v. Ginn, 87 F.3d 367, 370-71 (9th Cir.1996). A defendant must accept responsibility for all crimes of which he is convicted to obtain the reduction. Id.
 
 
 8
 The court found that Love did not cooperate in the investigation of the firearms charge and made overt efforts to obstruct it. It didn't find any extraordinary evidence after the obstruction that would compel a different result and concluded that considering the entire record including Love's statements at the time of change of plea, he had not accepted responsibility.
 
 
 9
 We hold that the court's refusal to grant a reduction for acceptance of responsibility on the firearms charge does not constitute clear error and is sufficient for denial of the reduction on the combined charges.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3