113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Marco A. PADILLA-VALENZUELA, Defendant/Appellant.
 No. 96-10214.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided May 07, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Marco A. Padilla-Valenzuela ("Appellant") seeks review of his sentencing. Appellant, who played a relatively minor role in a drug smuggling operation that brought nearly 2,500 pounds of cocaine into the United States, was convicted of possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1), (b)(1)(A). After the district court made downward reductions allowed for in the Sentencing Guidelines (the "Guidelines"), Appellant received a sentence of 121 months imprisonment. Appellant contends that further departures from and/or reductions below the 121 months were warranted by and made possible through a minimal role in the offense, the acceptance of responsibility, this being aberrant behavior, and the Guideline's safety valve provisions. For the following reasons we affirm the district court's judgment and sentence.
 
 
 4
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996) (citing United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 504 U.S. 978, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992)); see also United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994). Generally, however, the district court's factual findings made in imposing a sentence under the Guidelines are reviewed only for clear error. Kimple, 27 F.3d at 1412.
 
 
 5
 The Appellant first argues that he is entitled to further downward reductions in his sentencing based on his acceptance of responsibility (which was offered to a parole officer after being found guilty). See U.S.S.G. § 3E1.1. The district court's decision not to grant a reduction, however, cannot be deemed clear error where the defendant did not accept any responsibility until after a jury had convicted him. Although we have held that this reduction may be available in certain circumstances even where the defendant "contests his factual guilt at trial," United States v. McKinney, 15 F.3d 849, 853 (9th Cir.1994), that situation arises only in "unusual cases" such as McKinney, where, among other relevant facts, the defendant had tried to plead guilty before trial but was prevented from doing so by the trial judge. Id. at 852. In contrast, we do not here find clear error on the part of the district court where Appellant did not provide information or assistance to the prosecution, did not timely provide complete information to the government concerning his own involvement, and did not timely notice authorities of an intent to plead guilty.
 
 
 6
 Second, the Appellant contends that he was entitled to further reductions in his sentence based on his status as a mule. The Appellant is requesting that we make a reduction under United States v. Valdez-Gonzalez, which had permitted a sentencing court to depart below the applicable Guideline level when the defendant was a mere drug courier or "mule." 957 F.2d 643, 650 (9th Cir.1992). This judicial mule reduction, however, was correctly not granted in this case because the Guidelines themselves now provide for such a reduction which was, in fact, granted in this case. See United States v. Webster, 996 F.2d 209, 211 (9th Cir.1993) ("In light of amendment 345, it can no longer be said that the Commission has not taken into account the extent of a defendant's participation in the unlawful conduct, and a downward departure [based on status as a mule] is no longer appropriate."). The district court properly determined that Valdez-Gonzalez did not apply to this case, and, instead, awarded a two level reduction pursuant to U.S.S.G. § 2D1.1 note 14, because the court found that the offense level over represented the defendant's involvement. The court also awarded a four level reduction under U.S.S.G. § 3B1.2(a), which allows for a reduction of up to four points if the defendant was a minimal participant.
 
 
 7
 Third, citing United States v. Rivera, 994 F.2d 942 (1st Cir.1993), Appellant argues that the court has the "freedom to depart" from the Guidelines--so as to further decrease the sentence--when the case is deemed to be "unusual" or "aberrant." The district court declined to depart on this basis. We have previously recognized that such a non-departure is within a district court's discretion. We have held that we do "not have jurisdiction to review a district court's discretion not to depart from the Sentencing Guidelines. However, if the district court believed that it did not have legal authority to depart, that decision is reviewable, unless the court indicated that it would not depart if it could." United States v. Lam, 20 F.3d 999, 1001 (9th Cir.1994); see also United States v. Ruelas, 96 F.3d 1324, 1328 (9th Cir.1996) ("a 'district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal.' ") (quoting United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994)); United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990). As the district court, in its discretion, did not depart from the guidelines, and because it did not state that its non-departure was based on a perceived lack of legal authority so to do, we affirm the district court's judgment and sentence as within its discretion.
 
 
 8
 Lastly, in so far as the Appellant has contended that he is entitled to relief under the Guidelines' so-called "safety valve" provisions, see 18 U.S.C. § 3533(f)(5), his arguments are without merit. The safety valve allows for the calculation of a sentence below a crime's minimum proscribed sentence, but only if five requirements are met.[1] There is, however, no reason for us to address these requirements because the safety valve does not come into play where reductions--such as acceptance of responsibility and other adjustments--do not otherwise bring a sentence below the statutorily prescribed minimum. Here, the sentence imposed on Appellant was 121 months, which is just above the 10-year minimum sentence required for possession with intent to distribute cocaine. See 21 U.S.C. § 841(a)(1), (b)(1)(A). Because we find below that no further reductions are warranted--and thus the sentence will remain at 121 months--we need not address whether the requirements of section 3533(f)(5) were met.
 
 
 9
 For the foregoing reasons, we affirm the district court's judgment and sentence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 18 U.S.C. § 3553(f)(1)-(5) provides that a sentence may be provided without regard to a statutory minimum if (1) there is less than one criminal history point, (2) the crime was non-violent in nature, (3) no death or serious bodily injury resulted, (4) the defendant was not an organizer, and (5) the defendant has provided the government with all known information and evidence concerning the offense