131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Allen TORY, Defendant-Appellant.
 No. 96-50624.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 9, 1997.**
Filed Oct. 22, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-93-00275-R-(01); Manuel L. Real, Chief Judge, Presiding.
 Before PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Allyn Tory appeals the district court's determination that he was not entitled to a one-level reduction in his offense level for a timely acceptance of responsibility under U.S.S.G. § 3E1.1(b). We affirm.
 
 
 3
 In the first three months of 1993, Mark Tory robbed two separate banks a total of five times. On March 26, 1993, a grand jury indicted Tory on two counts of armed robbery (counts one and four) and three counts of unarmed robbery (counts two, three and five). On April 5, Tory was arraigned on this indictment. After Tory entered a plea of not guilty, the case was continued for trial to May 11, 1993. One week before trial, on May 4, the government filed its jury instructions and trial memorandum.
 
 
 4
 Then, at a status conference two days later, Tory attempted to enter guilty pleas with respect to a plea agreement he claims to have reached with the government.[1] The district court did not permit Tory to enter these pleas and the case went to trial as scheduled.
 
 
 5
 After a jury trial, Tory was convicted on all counts except the armed portion of one of the armed counts (count four). Following conviction, he was sentenced to 84 months. On appeal, this court affirmed Tory's conviction on all of the counts except the other armed robbery count (count one). This court reversed the conviction, vacated the judgment and remanded the case for a new trial on count one. See United States v. Tory, 52 F.3d 207 (9th Cir.1995).
 
 
 6
 After remand the government decided not to retry Tory on count one and simply proposed a new sentencing. On July 10, 1995, the district court again sentenced Tory to 84 months imprisonment. Tory appealed and this court once again reversed and remanded, holding that the "district court erred in refusing to reduce Tory's offense level for acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1(a).
 
 
 7
 On October 21, 1996, the district court resentenced Tory to a term of 75 months. In that resentencing, the district court applied a two-point reduction for Tory's acceptance of responsibility, but refused to apply an additional point of reduction for Tory's timely acceptance of responsibility. U.S.S.G. § 3E1.1(a). Indeed, emphasizing that it did not "propose to go beyond the opinion of the court of appeals[,]" the district court did not even consider the applicability of § 3E1.1(b).
 
 
 8
 Because Tory qualifies for the two-point reduction under § 3E1.1(a) and his offense level is above 16, he must be granted an additional one-level reduction under § 3E1.1(b) if he either: "(1) timely provid[ed] complete information to the government concerning his own involvement in the offense; or (2) timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b) (1995).
 
 
 9
 We review for clear error the factual findings underlying a district court's denial of the timely acceptance of responsibility adjustment. United States v. McLain, 30 F.3d 1172, 1173 (9th Cir.1994).
 
 
 10
 In the October 1996 resentencing, the district court commented that it would not apply § 3E1.1(b) because it did not "propose to go beyond the court of appeals." Despite the district court's statement, however, this court never made a finding as to whether Tory was entitled to a one-point reduction under § 3E1.1(b). Rather, this court only held that the district court erred in refusing to award Tory a two-point reduction under § 3E1.1(a). Because Tory met the requirements of § 3E1.1(a) and his offense level is above 16, "the district court must consider whether 'the defendant ... assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the' steps listed in subsection (b)(1) or (b)(2)." United States v. Colussi, 22 F.3d 218, 220 (9th Cir.1994) (emphasis added) (quoting U.S.S.G. § 3E1.1(b)). The district court's comments at resentencing indicate that it believed that it did not have to consider this third step. This was error.
 
 
 11
 The Supreme Court has held that an incorrect application of the Guidelines by the sentencing court shifts the burden of proof to the proponent of the sentence on appeal. That proponent must "persuade [ ] the court of appeals that the district court would have imposed the same sentence absent this erroneous factor." Williams v. United States, 503 U.S. 193, 203 (1992). Thus, the government must establish that the correct sentence was imposed because Tory was ineligible for the third level of reduction. Based on the record before us, the government has met this burden.
 
 
 12
 Under § 3E1.1(b)(2), Tory would be entitled to a one-level reduction if he "timely" notified the government of his intention to enter a plea of guilty. Although Tory attempted to plead guilty to all those charges on which he is now being sentenced, this attempt came less than one week before trial, two days after the government had already filed its proposed jury instructions and trial memorandum. "[A] defendant is entitled to receive the timely acceptance reduction only if he has pled guilty before the prosecution has begun meaningful trial preparations...." United States v. Kimple, 27 F.3d 1409, 1413 (9th Cir.1994). In addition, "a defendant who pleads guilty on the eve of trial is not entitled to the reduction for timely acceptance of responsibility under subsection (b)(2)." Id. Because the government had already engaged in meaningful trial preparations (shown by the filing of its trial memorandum) and Tory's attempt to enter his plea came so close to trial, Tory does not meet the "timely" requirement under § 3E1.1(b)(2).
 
 
 13
 In addition, Tory has argued that he should receive a one-level reduction under § 3E1.1(b)(1) for having "timely" provided complete information to the government. Although Tory provided complete information to the government concerning his own involvement in the case, he did not do so in a timely manner. Based on the record before this court, Tory did not provide complete information to the government before May 6, 1993.
 
 
 14
 This late disclosure, five days before trial, was not "timely enough to spare the Government investigation." United States v. Hooper, 27 F.3d 378, 385 (9th Cir.1994). Rather, absent evidence of an earlier disclosure, we must presume that the government had to spend a great deal of time and effort investigating and compiling its case against Tory. This is particularly true in light of the government's May 4 submission of the trill memorandum and the May 11 trial date. Based on the evidence before us, Tory was not entitled to a one-level reduction under § 3E1.1(b)(1).
 
 
 15
 Tory has shown that the district court erred in refusing to consider the timeliness of his acceptance of responsibility under U.S.S.G. § 3E1.1(b). Nonetheless, because the government has proven that Tory's acceptance was not timely under § 3E1.1(b), we must affirm.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For its part, the government neither admits nor denies having reached any plea agreement with Tory prior to this conference