132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marc HELIRE, Defendant-Appellant.
 No. 97-50172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1997.**
Dec. 10, 1997.
 
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding
 Before BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marc Helire appeals his sentence under the Sentencing Guidelines following his guilty plea to a count of robbery and his acquittal on a firearm count. Helire contends the district court erred in denying him a three-level reduction in his total offense level for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 
 3
 On March 5, 1996, a federal grand jury indicted Helire on one count of armed postal robbery in violation of 18 U.S.C. § 2114(a). Trial was set for May 7, 1996. On March 8, 1996, the government produced discovery to defense counsel. On April 3, 1996, the government sent defense counsel a proposed plea agreement whereby defendant would plead guilty to the one-count indictment and the government would recommend a three-level reduction of defendant's offense level for acceptance of responsibility. In its cover letter, the government stated that the plea offer would expire on April 12, 1996, and, if defendant had riot accepted the offer by that time, the government would seek to supersede the indictment by adding an additional charge, i.e., use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The government indicates that it set this deadline because after that date the government would need to begin preparing for trial. Defendant did not accept the plea offer.
 
 
 4
 On April 16, 1996, a federal grand jury returned a first superseding indictment charging Helire with a count of armed postal robbery in violation of 18 U.S.C. § 2114(a) (count one) and a count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (count two). After obtaining the first superseding indictment, the government began preparing for trial, which was then scheduled for May 7, 1996. On April 29, 1996, Helire pleaded riot guilty to both counts, and the district court continued the trial until May 14, 1996.
 
 
 5
 On May 3, 1996, the government secured a witness who had been present or participated with defendant in defendant's purported criminal activity and who would testify at trial against Helire. On May 5, 1996, the government produced discovery regarding this witness. Subsequently, defendant indicated to the government through his counsel that he desired to plead guilty to count one, but not to count two. By this time, the government had already begun to prepare for the trial scheduled for May 14, 1996. On May 13, 1995, the district court granted defendant's motion to continue the trial.
 
 
 6
 On July 1, 1996, Helire entered a plea of guilty to count one of the first superseding indictment. On July 8, 1996, the district court held a one-day bench trial on count two of the first superseding indictment, and on July 29, 1996, the district court acquitted Helire on count two. On March 17, 1997, the district court sentenced Helire to 100 months on count one. Although Helire sought a three-point reduction in offense level based upon acceptance of responsibility, the district court allowed only a two-level reduction. Helire timely filed his notice of appeal.
 
 
 7
 We review de novo the district court's application of the sentencing guidelines and review for clear error the district court's factual findings. United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir.1994). Acceptance of responsibility under Sentencing Guideline § 3E1.1(b) is a factual determination reviewed for clear error. Id.
 
 
 8
 Section 3E1.1(a) of the Sentencing Guidelines provides that the offense level of a defendant who clearly demonstrates acceptance of responsibility is decreased two levels. Section 3E1.1(b) provides that a defendant's offense level shall be decreased where the defendant qualifies for a reduction pursuant to § 3E1.1(a), where the defendant's offense level prior to the operation of § 3E1.1(a) is 16 or more, and where the defendant has assisted the authorities in investigation or prosecution of the defendant's misconduct. There are two ways to demonstrate such assistance: by timely providing complete information to the government concerning the defendant's involvement in the offense, § 3E1.1(b)(1), or "by timely notifying authorities of [the defendant's] intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently," § 3E1.1(b)(2). The only section of the Sentencing Guidelines at issue in Helire's appeal is § 3E1.1(b)(2).[1]
 
 
 9
 Defendant contends he is entitled to the additional point reduction under § 3E1.1(b)(2) because he pleaded guilty to count one. However, defendant indicated he would plead guilty to count one more than two months after he was indicted and, more importantly, just one week before the scheduled trial date of July 8, 1996. Helire pleaded guilty after the government began to prepare for trial. Accordingly, Helire has not demonstrated that he is entitled to the additional one point reduction under § 3E1.1(b)(2). E.g., United States v. Narramore, 36 F.3d 845, 846 (9th Cir.1994) (defendant who pleaded guilty one week before the scheduled trial date and after the government "had begun seriously to prepare for trial" not entitled to offense level reduction under § 3E1.1(b)(2)); United States v. Hopper, 27 F.3d 378, 385-86 (9th Cir.1994) (defendant who pleaded guilty three weeks prior to the scheduled trial date and after government was "substantially prepared" for trial not entitled to offense level reduction under § 3E1.1(b)(2)). Defendant cites to United States v. Kimple, 27 F.3d 1409 (9th Cir.1994), but Kimble is distinguishable. For example, when the defendant in Kimple pleaded guilty, there was neither a scheduled trial date nor had the government begun any "meaningful trial preparations." Id. at 1414.
 
 
 10
 Defendant argues that his plea to count one should not preclude him from receiving the additional reduction under § 3E1.1(b)(2) because the government had to prepare for trial on count two. The fact the government tried Helire on count two is not relevant; what is relevant is the fact the government began preparing for trial on count one before Helire pleaded guilty to that count.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cite to or used by the courts of this circuit except as provide by Ninth Circuit Rule 36-3
 
 
 [1]
 Because only § 3E1.1(b)(2) is at issue, Helire's reliance on United States v. Chee, 110 F.3d 1489 (9th Cir.1997) and on United States v. Stoops, 25 F.3d 820 (9th Cir.1994), which concern § 3E1.1(b)(1), is misplaced