**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Dexter WENDLER, aka Anthony R. Williams, Defendant—Appellant.**

No. 02–30281.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Sept. 2, 2003.

Jeffrey B. Coopersmith, Esq., Office of the U.S. Attorney, Sarah Y. Vogel, Esq., Seattle, WA, for Plaintiff–Appellee.

Gilbert H. Levy, Esq., Law Office of Gilbert H. Levy, Seattle, WA, for Defendant–Appellant.

Before: BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Dexter Wendler pled guilty to charges of illegal firearm possession, in violation of

* This disposition is not appropriate for publication and may not be cited to or by the courts

18 U.S.C. § § 922(g)(1) and 924(a)(2), and Social Security fraud, in violation of 42 U.S.C. 408(a)(7)(B). He was sentenced to 33 months of imprisonment. On appeal, Wendler challenges his sentence in two respects. We affirm.

■ First, he contends that the district court erred by denying an additional level of downward adjustment for his acceptance of responsibility under U.S.S.G. § 3E1.1(b). The district court's decision to withhold an additional one-level adjustment under U.S.S.G. § 3E1.1(b) is reviewed for clear error. *United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1059 (9th Cir.2000). The district court did not clearly err when it denied Wendler an additional one-point reduction under § 3E1.1(b). Wendler entered a guilty plea after he had already been tried on some of the charges once, and only four days before his scheduled retrial. "[A] defendant who pleads guilty on the eve of trial is not entitled to the reduction for timely acceptance of responsibility under subsection (b)(2)." *United States v. Kimple,* 27 F.3d 1409, 1413 (9th Cir.1994). "The defendant's guilty plea must come early enough in the proceedings to preclude the Government from preparing for trial and to enable the court to avoid unnecessarily expending judicial resources." *Id.*

■ Second, Wendler argues that the district court erred in imposing a 6–level enhancement for his participation in a common scheme resulting in a loss of $65,745.56 which, although not included in the charges brought against him, was nevertheless determined to be "relevant conduct" related to Wendler's Social Security fraud. We also review the district court's determination that uncharged conduct is relevant for sentencing purposes under § 1B1.3(a)(2) for clear error. *United*

*States v. Hahn,* 960 F.2d 903, 907 (9th Cir.1992).

The district court did not clearly err. In *Hahn,* this Court established the test for determining when conduct should be considered "relevant" for sentencing purposes under § 1B1.3(a)(2): "As we have indicated, this requires a showing of similarity, regularity, and temporal proximity in sufficient proportions so that a sentence may fairly take into account conduct extraneous to the events immediately underlying the conviction." *Id.* at 911. Here, the government has met this burden in showing the similarity, regularity, and temporal proximity between Wendler's Social Security fraud and the losses incurred as a result of the criminal conduct of Michelle Devine, Matilda Smith–Williams, Cleveland Moses Walker, and Steven Hoover Wesley.

AFFIRMED.

of this circuit except as provided by Ninth Circuit Rule 36–3.