**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4004

MICHAEL DAVID LANCASTER, a/k/a
Michael David Lancaster-el,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-94-454-PJM)

Argued: March 6, 1997

Decided: April 22, 1997

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Murnaghan and Judge Ervin joined.

_____

**COUNSEL**

**ARGUED:** Margaret Brooke Murdock, FERGUSON, SCHE-
TELICH, HEFFERNAN & MURDOCK, P.A., Baltimore, Maryland,
for Appellant. Sandra Wilkinson, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia,
United States Attorney, Jan Paul Miller, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Michael David Lancaster appeals the sentence imposed by the district court following his plea of guilty to conspiracy to possess with the intent to distribute and to distribute cocaine and heroin. See 21 U.S.C.A. § 846 (West Supp. 1996). He asserts that the district court erred in refusing to grant him an additional one-level downward adjustment for acceptance of responsibility on the basis that he did not timely provide the Government with complete information concerning his involvement in the offense. See U.S. Sentencing Guidelines Manual § 3E1.1(b)(1) (1994). We affirm.

I.

From 1991 until his arrest in 1994, Lancaster was a participant in a narcotics distribution ring in Maryland operated by Bernard Gibson, Sr. During the course of the investigation of the conspiracy, federal agents placed a wiretap on Gibson's telephone. Based upon information gleaned from the wiretap, the agents obtained a search warrant for Lancaster's home. Execution of the warrant resulted in the discovery of several firearms, which Lancaster--who was present when the search was conducted--admitted were his.

Following his arrest and indictment,[1] Lancaster filed separate motions to suppress the evidence obtained from the wiretap, the firearms, and his statements to the officers who executed the search warrant. The district court conducted a hearing on the motions on August 3, 4, and 8, 1995, four weeks before the scheduled trial date of September 12. The motions were denied in an oral ruling at the conclusion of the hearing on August 8. Lancaster immediately entered plea negotiations with the Government and pled guilty pursuant to a written plea agreement on August 17.

_____

[1] In addition to the conspiracy charge, Lancaster was indicted for three counts of being a felon in possession of a firearm. See 18 U.S.C.A. § 922(g) (West Supp. 1997).

Under the plea agreement, Lancaster promised to provide the Government with all information he had concerning the Gibson narcotics ring. In exchange, the Government agreed to recommend a two-level downward adjustment for acceptance of responsibility and to move for a downward departure of two levels if, in its discretion, it determined that Lancaster had provided substantial assistance. The Government recognized that Lancaster intended to request an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b), but reserved the right to oppose such a request.

At sentencing, the parties agreed that according to the career offender guideline, Lancaster's base offense level was 34 and his Criminal History Category was VI. See U.S.S.G. § 4B1.1. The district court granted a two-level downward adjustment for acceptance of responsibility, but denied Lancaster's request for an additional one-level adjustment on the basis that, "under all the very fact specific circumstances" of the case, Lancaster's decision to plead guilty and his provision of information to the Government had not been timely. J.A. 139. The district court then granted the Government's motion for a two-level downward departure based on Lancaster's substantial assistance. See U.S.S.G. § 5K1.1. With the adjustment and the departure, Lancaster's offense level was 30, resulting in a guideline range of 168-210 months. The district court sentenced Lancaster to 168 months imprisonment based on his candid and thorough cooperation with the Government and on the fact that Lancaster's cooperation endangered himself and his family.[2]

II.

Under U.S.S.G. § 3E1.1(a), a defendant is entitled to a two-level downward adjustment "[i]f [he] clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant merits a further, one-level downward adjustment pursuant to U.S.S.G.

_____

[2] At oral argument, the Government informed us that the district court subsequently reduced Lancaster's sentence to 120 months based upon his continued assistance to the Government. See Fed. R. Crim. P. 35(b). We agree with the parties that the post-sentencing reduction of Lancaster's term of imprisonment does not render his appeal moot.

3

§ 3E1.1(b) if his offense level prior to application of § 3E1.1(a) is 16 or greater and he:

> has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. § 3E1.1(b). The defendant need not satisfy both (b)(1) and (b)(2); one or the other is sufficient. See United States v. Eyler, 67 F.3d 1386, 1391 (9th Cir. 1995). Moreover, once the defendant proves by a preponderance of the evidence that he is eligible for the additional one-level adjustment, the district court has no discretion to refuse to award it. See id. at 1390.

Lancaster maintains that he satisfies the requirement of (b)(1) and accordingly is entitled to a total adjustment of three levels for acceptance of responsibility.[3] The Government acknowledges that Lancaster provided complete information concerning his involvement in the offense, but asserts that he is not entitled to the adjustment because he failed to provide this information in a timely manner. Accordingly, the only issue before us is whether the district court erred in concluding that Lancaster did not act "timely" within the meaning of § 3E1.1(b)(1). The timeliness of Lancaster's provision of information to the Government is a factual question that we review for clear error. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). To the extent the determination of timeliness by the district court rests on an interpretation of the guidelines, however, our review is de novo. See id.

_____

[3] Lancaster does not contend that he satisfies the requirement of § 3E1.1(b)(2).

As the commentary to § 3E1.1 makes clear, the determination of whether a defendant has acted timely within the meaning of § 3E1.1(b) depends on the facts of the individual case. See U.S.S.G. § 3E1.1, comment. (n.6) (explaining that timeliness under § 3E1.1(b) "is context specific"). Generally speaking, however, "the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case." Id. The key inquiry in determining whether a defendant qualifies for a reduction under § 3E1.1(b)(1) is whether the defendant provides information in sufficient time to aid the Government in the investigation or prosecution of the case. See U.S.S.G. § 3E1.1(b); United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995). This is so even if the information disclosed by the defendant is easily discoverable. See United States v. Stoops, 25 F.3d 820, 822-23 (9th Cir. 1994). Thus, a defendant who delays the disclosure of information to the Government until shortly before a scheduled trial does not qualify for the reduction. See United States v. Hopper, 27 F.3d 378, 384-85 (9th Cir. 1994); see also Thompson, 60 F.3d at 517 (holding that a defendant who provided no information until after entering his guilty plea and securing a grant of immunity was not entitled to a one-level reduction under § 3E1.1(b)(1)).

Lancaster argues that he acted timely under (b)(1) because he pled guilty and provided information to the Government almost immediately after the denial of his motions to suppress. To conclude that his actions were not timely, Lancaster maintains, is to penalize him for attempting to protect his constitutional rights. Accordingly, Lancaster suggests that the timeliness of his cooperation should be measured from the day his suppression motions were denied.

We disagree. The availability of a reduction for acceptance of responsibility "merely formalizes and clarifies a tradition of leniency extended to defendants who express genuine remorse and accept responsibility for their wrongs." United States v. Crawford, 906 F.2d 1531, 1534 (11th Cir. 1990). Lancaster is not being punished for choosing to assert his constitutional rights by filing the motions to suppress; "he merely does not reap the benefit of the additional one-point reduction given to others who volunteer information about their conduct in a more timely manner." United States v. McQuay, 7 F.3d 800, 803 (8th Cir. 1993); cf. United States v. Altier, 91 F.3d 953, 958

5

(7th Cir. 1996) (rejecting argument that denial of one-level reduction under § 3E1.1(b)(2) penalized the defendant for exercising his Sixth Amendment right to counsel when he asserted that the right could only be protected by delaying the decision to plead guilty until after receiving discovery materials one day before his scheduled trial date). In short, the denial of the additional one-level reduction under § 3E1.1(b)(1) simply reflects the conclusion of the district court that Lancaster, by waiting until a mere three weeks before trial to provide information to the Government, failed to "assist[ ] authorities in the investigation or prosecution of his own misconduct." U.S.S.G. § 3E1.1(b).**4**

III.

We conclude that the district court did not err in denying Lancaster's request for an additional one-level reduction in his base offense level pursuant to U.S.S.G. § 3E1.1(b)(1). Accordingly, we affirm.

AFFIRMED

_____

**4 United States v. Kimple**, 27 F.3d 1409 (9th Cir. 1994), on which Lancaster relies for the proposition that a district court may not deny an adjustment under § 3E1.1(b) on the basis that the defendant filed pretrial motions to protect his constitutional rights, is not to the contrary. In Kimple, the district court denied a one-level reduction under § 3E1.1(b)(2) to a defendant who pled guilty shortly after the court denied his pretrial motions on the basis that the filing of the motions delayed the proceedings. See id. at 1414. The Ninth Circuit concluded that a district court may not deny a one-level adjustment under § 3E1.1(b)(2) simply because the defendant has acted to protect his constitutional rights through the filing of pretrial motions. See id.; see also id. at 1413 ("The denial of a reduction under subsection (b)(2) is impermissible if it penalizes a defendant who has exercised his constitutional rights."). But, in so doing, the court made clear that the reduction could be denied on the basis that, as a result of having chosen to exercise his constitutional rights, the defendant "failed to notify authorities of his intent to plead guilty before the Government was able to avoid trial preparations, or before the court had set the calendar for trial." Id. at 1414. Accordingly, in Kimple the court concluded that the defendant was entitled to the additional one-level adjustment not because the filing of the pretrial motions somehow "tolled" the running of the time in which the defendant could be considered to have entered a timely plea, but because the plea was timely irrespective of the filing of the pretrial motions.