UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 97-4250

MICHAEL L. CAYSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-91-221)

Submitted: July 22, 1997

Decided: August 4, 1997

Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney,
Michael L. Keller, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael L. Cayson pled guilty to conspiracy to distribute crack cocaine and was sentenced to a term of 121 months in November 1992. In 1996, Cayson filed a motion to vacate under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), claiming that his counsel had been ineffective in failing to file an appeal after he requested one. After a hearing, the district court granted relief by vacating and reinstating his judgment of conviction, thus allowing him another opportunity to appeal. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Cayson now contends that the district court's failure to consider a three-level adjustment for acceptance of responsibility under USSG § 3E1.1[1] was plain error, and also claims that his attorney was ineffective in failing to request a three-level adjustment. We find that plain error occurred and remand for resentencing.

In June 1991, police in Beckley, West Virginia, executed a search warrant at a motel where Michael Cayson was selling crack with Elwood Edwards and Courtney Rogers. Cayson fled. A month later, all three were indicted. Cayson remained at large for a year. During that time, Rogers and Edwards were prosecuted and sentenced. Cayson was finally arrested in Ohio in July 1992. Counsel was appointed on August 3. Cayson entered a not guilty plea on August 12, signed a plea agreement on September 8, and pled guilty on September 17, 1992.

Using the 1991 version of the sentencing guidelines, the probation officer recommended a two-level adjustment for acceptance of responsibility. By the time Cayson was sentenced in November 1992, USSG § 3E1.1 had been amended to make a three-level adjustment available to a defendant who either (1) provides timely and complete information to the government concerning his own offense, or (2) timely notifies authorities of his intention to plead guilty. However, Cayson did not raise the issue and the court gave him a two-level adjustment. Cayson's offense level was 32, he was in criminal history

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1992).

2

category I, and his guideline range was 121-151 months. The district court imposed a sentence of 121 months.

An appellate court may correct an error not raised in the district court if (1) there is an error, (2) that is plain, and (3) affects substantial rights, but the court should exercise its discretion to correct the error only if it "`seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732 (1993) (quoting United States v. Young , 470 U.S. 1, 15 (1985)).

Because the 1992 guidelines applied on the day Cayson was sentenced, he has identified an error which was plain. The error affected his substantial rights if there is a possibility that he qualified for the third level of reduction under USSG § 3E1.1. Cayson argues that he qualified for the additional reduction because he entered his guilty plea in a timely fashion after he was arrested. The government maintains that Cayson did not qualify for a three-level reduction because he remained a fugitive for a year after his indictment and waited a month after his arrest to enter into a plea agreement. The determination of timeliness within the meaning of USSG § 3E1.1(b) is a factual question which is "context specific," United States v. Lancaster, 112 F.3d 156, 158 (4th Cir. 1997), and should therefore be made in the first instance by the district court. The failure to make this determination affected a substantial right and the fairness of the proceeding. Therefore, we find that resentencing is necessary to allow the district court to consider the question.

We note that neither party has mentioned the 120-month mandatory minimum to which Cayson is subject, given that his offense involved 70 grams of crack.**2** 21 U.S.C. § 846 (1994), 21 U.S.C.A. § 841(b)(1)(A) (West 1981 & Supp. 1997). Consequently, should the district court find that Cayson is entitled to the one-level adjustment under USSG § 3E1.1(b) and reduce his offense level from 32 to 31, the guideline range will be 120-135 months. See  USSG § 5G1.1(c)(2).

_____

**2** Cayson did not contest the amount of crack at his original sentencing hearing.

3

Cayson also claims that his attorney was clearly ineffective in failing to bring to the court's attention the change in the guideline. Because we find that resentencing is required on other grounds, we need not address this issue.

We therefore vacate the sentence and remand for resentencing. On remand, the district court should determine whether Cayson qualifies for a three-level adjustment under USSG § 3E1.1. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4