UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4552

TAMMY L. REEL,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., Chief District Judge;
W. Craig Broadwater, District Judge.
(CR-95-12)

Submitted: June 30, 1998

Decided: July 28, 1998

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph A. Matyskiela, MCDERMOTT, BONENBERGER, MCDER-
MOTT & GALLAWAY, Wheeling, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Thomas O. Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tammy L. Reel appeals her conviction and sentence for maintaining a crack house, in violation of 21 U.S.C. § 856 (1994). Reel claims that the trial court erred in sentencing her. Finding no error, we affirm.

First, Reel avers that the district court erred in refusing to award her an additional downward adjustment for acceptance of responsibility under the sentencing guidelines. Specifically, Reel claims that the district court based its denial of the downward adjustment on her motivation to enter a guilty plea instead of on whether she provided timely information about her involvement in the offense to the Government.

We review the district court's determination of timeliness, a factual question, for clear error. See United States v. Lancaster, 112 F.3d 156, 158 (4th Cir. 1997); United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990). Contrary to Reel's allegations, we find that the district court denied the requested additional adjustment because Reel failed to timely provide complete information about her own offense and failed to timely notify authorities of her intention to plead guilty. The record reflects that Reel waited over a month to execute the plea agreement and executed the agreement just three weeks prior to the trial date. Because Reel's guilty plea was not timely so as to enhance the efficiency of the court or the Government, we find that the district court did not clearly err in denying the requested adjustment.

Next, to the extent that Reel contends that the district court erred in refusing to grant a downward departure based on her claim of coercion or duress, we find she has no claim. Reel's counsel argued for a departure on these bases at sentencing, and the court denied the request, finding that Reel did not demonstrate sufficient justification

2

for a departure based on an imperfect defense of coercion or duress. See United States v. Bailey, 444 U.S. 394, 410-15 (1980).

The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood , 970 F.2d 1336, 1338 (4th Cir. 1992). Contrary to Reel's averments, the record reflects that the district court was aware of its authority to depart but chose not to depart after considering the arguments of counsel. We find that the district court's determination that Reel did not present sufficient justification for a departure based on an imperfect coercion or duress defense did not constitute a belief by the court that it was prohibited by law from departing; nor did it indicate that the court misapplied a legal standard. Therefore, Reel's sentence within the guidelines range is not reviewable. See Underwood, 970 F.2d at 1338.

Accordingly, we affirm Reel's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3