**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

ROGER A. DAMRON,
<u>Defendant-Appellant,</u>

and

MARTHA COLEGROVE; KENNETH D.
CORNELL; RENEE FOGUS; DAN FULLER;
WILLIAM HOWELL; WILLIAM L. JACKSON;
DAVID W. KENT; RON G. KINGERY;

JANET L. KINGERY; MARK MALONE;
JUANITA MEADE; NICOLA G. MORABITO;
VELMA NICKEL; ROGER L. O'DELL;
CHARLES PETERS; JAMES ROWE;
MARGARET SANSOM; STEVEN J. TARDY;
RICHARD TUCKER; BARCLAYS BANK;
KAREN KENT; VICKIE TARDY; REBECCA
HOWELL; TAMMY MORABITO; MARSHA
O'DELL; AVA PETERS; DEBORAH
KINGERY; KENNETH ARTRIP; KEVIN
BRADLEY,
<u>Parties in Interest.</u>

No. 98-4316

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-97-16)

Submitted: February 23, 1999

Decided: March 9, 1999

Before HAMILTON and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Harold Laishley, Huntington, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Philip H. Wright, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger A. Damron was convicted of criminal contempt, see 18
U.S.C. § 401 (1994), and entered a guilty plea to mail fraud, 18
U.S.C. § 1341 (1994), and money laundering, 18 U.S.C. § 1957
(1994). He appeals the contempt conviction alleging that he was
denied due process in that the district court failed to give him timely
notice and sufficient time to prepare a defense. He also appeals the
eighty-seven month sentence that he received for the mail fraud and
money laundering offenses, contending that the district court erred in
refusing to award him a three-level adjustment for acceptance of
responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1
(1997). We affirm.

From the early 1990's until February 1996, Damron engaged in
several related fraudulent schemes which earned him $2.5 million. In
January 1997, he was indicted on fifty-one counts of mail fraud, wire

2

fraud, interstate transportation of property taken by fraud, and money laundering. On March 17, 1997, the district court entered a restraining order which enjoined Damron from transferring or spending any of his assets without prior approval of the district court and also required him to file monthly accounting statements detailing his receipts and expenditures for necessary living expenses. Damron filed accounting statements for the months of March through July. In August 1997, Damron's attorney, the public defender, filed an "Amendment to Accounting under Ex Parte Restraining Order," to inform the court that, without his lawyer's knowledge, Damron received $100,000 in May 1997 and made a series of large expenditures between April and August 1997. Two weeks later, the public defender withdrew and new counsel was appointed.

On October 10, 1997, the government filed a motion requesting a show cause hearing for Damron to explain why he should not be held in contempt for violating the March 17, 1997, restraining order in a number of ways, among them that he had failed to file monthly accounting statements for August and September 1997, and had filed fraudulent monthly accounting statements for April through July 1997. In an order entered on October 16, 1997, the court scheduled a hearing for late in the day on Thursday, October 23, 1997.

At the hearing, Damron's new lawyer, John Laishley, took the blame for Damron's failure to file reports for August and September, citing Fifth Amendment concerns. He said he had met with Damron the day before, but had not had sufficient time before the hearing to address Damron's compliance with the order to file monthly accounting statements because he had not received notice of the hearing until Monday, October 20. The court found that Damron had been afforded sufficient notice of the contempt hearing, heard evidence, and proceeded to find Damron in contempt because he had filed fraudulent accounting statements for the months of April through July 1997.

On November 14, 1997, Damron pled guilty to mail fraud and money laundering. The probation officer recommended a two-level adjustment for acceptance of responsibility under USSG § 3E1.1(a) because Damron admitted his guilt, but recommended that his admission was not timely enough for a three-level reduction under subsection (b). Both the government and Damron objected, the government

3

asserting that he had not demonstrated acceptance of responsibility, Damron claiming that he deserved a three-level reduction. At sentencing, the district court decided to give Damron the two-level adjustment, but held that his guilty plea came too late to warrant a three-level reduction. The district court imposed a sentence of eighty-seven months for the mail fraud and money laundering convictions and a concurrent three-month sentence for the contempt conviction.

On appeal, Damron first challenges the district court's failure to give him a three-level adjustment for acceptance of responsibility. A defendant qualifies for a two-level adjustment under USSG § 3E1.1(a) if he accepts responsibility for his conduct. He may receive an additional one-level reduction under subsection (b) if he has assisted in the investigation or prosecution of his own misconduct by (1) timely providing complete information about his own involvement, or (2) timely giving notice that he will plead guilty, thus allowing the government to avoid trial preparation. However, conduct which qualifies for the additional adjustment generally occurs early in the case. See USSG § 3E1.1, comment. (n.6). The extra reduction may not be denied solely because the defendant files pretrial motions to protect his constitutional rights, but such motions may result in delay which causes the additional benefit to be forfeited. See United States v. Lancaster, 112 F.3d 156, 159 n.4 (4th Cir. 1997) (citing United States v. Kimple, 27 F.3d 1409, 1414 (9th Cir. 1994)).

Damron contends that his guilty plea was timely because it was entered before the district court ruled on his suppression motion. However, his November 1997 guilty plea came nine months after he was indicted and only two weeks before his scheduled trial date. During the previous summer, the government had prepared for trial, which was initially scheduled for September. These facts establish that neither Damron's guilty plea nor any information he may have provided after his plea was timely. Consequently, the district court's decision to forego the three-level adjustment was not erroneous.

Second, Damron claims that he was not afforded sufficient notice of the show cause hearing to prepare a defense against the contempt charge. Rule 42(b) of the Federal Rules of Criminal Procedure requires that a defendant have a "reasonable time" to prepare his defense against a charge of criminal contempt. The district court's

4

decision not to grant additional time is reviewed for abuse of discretion. See United States v. Martinez, 686 F.2d 334, 339 (5th Cir. 1982) (affirming denial of continuance).

What is a reasonable time depends on the nature of the contempt proceeding. See United States v. O'Day, 667 F.2d 430, 434 (4th Cir. 1981) (citing United States v. Alter, 482 F.2d 1016, 1024 (9th Cir. 1973)). In some circumstances, a hearing on the day the contempt occurs is proper. See O'Day, 667 F.2d at 434. In other cases, forty-eight hours may be sufficient. See Martinez, 686 F.2d at 339. If the defendant intends to raise complex legal issues or if an evidentiary hearing may be required, a five-day notice is preferable. See Alter, 482 F.2d at 1023.

Here, the order for a show cause hearing was entered a week before the hearing was scheduled. Damron's attorney did not receive the order until three days before the hearing. However, no complex legal issues were involved. Defense counsel consulted with Damron and had an opportunity to talk with Damron's prior attorney about the fraudulent monthly accounting statements filed between April and July. He did not specifically request a continuance. Moreover, neither at the show cause hearing nor on appeal has Damron explained how additional time would have helped him prepare a better defense. Therefore, we find that the district court did not abuse its discretion in going ahead with the hearing, and that Damron was not denied due process.

We therefore affirm the contempt conviction and the sentence imposed on all counts of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5