52 F.3d 329
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip M. WILSON, Defendant-Appellant.
 No. 94-3073.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1995.
Decided April 14, 1995.
 
 Before PELL, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Philip Wilson challenges the sentence imposed by the district court after his guilty plea to the charge of possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Wilson contends that the district court erred by refusing to award him a one point offense level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b)(2).
 
 I. Background
 
 2
 On December 10, 1993, the DEA received a tip from a confidential informant that someone named Philip Wilson from Fresno, California would arrive at the Indianapolis Amtrak station on December 11, 1993 and that he had purchased a one-way-ticket for cash. The police met the train, identified Wilson and asked Wilson whether he would consent to a search of his bag. Wilson refused. At that point, a drug-sniffing dog was brought and sniffed Wilson's luggage. When the dog reacted positively, indicating the presence of drugs, the officers obtained a search warrant for Wilson's bag and discovered approximately 434 grams of methamphetamine, a Schedule II non-narcotic substance.
 
 
 3
 On January 20, 1994, Wilson was charged by indictment with the possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Trial was initially set for March 21, 1994 but continued after Wilson moved to suppress the evidence against him, contending that the stop and search of his luggage by the police was unconstitutional. On March 11, 1994, a hearing was held on Wilson's motion to suppress. On April 11, 1994, the district court denied Wilson's motion. Trial was then continued until April 25, 1994 and again until May 31, 1994. On the morning of trial on May 31, 1994, Wilson entered a guilty plea.
 
 
 4
 On August 12, 1994, the court sentenced Wilson to seventy months incarceration followed by a four-year term of supervised release. The court found that Wilson was entitled to a two-level reduction for acceptance of responsibility pursuant to U.S.S.G Sec. 3E1.1(a) but declined to award him an additional one-level reduction[1] under U.S.S.G. Sec. 3E1.1(b)(2), finding his plea untimely.
 
 II. Analysis
 
 5
 This court employs a two-tiered standard of review for Guideline cases: "Factual findings are reviewed under the clearly erroneous standard, while interpretations of Guidelines requirements--whether the Guidelines require specific findings and, if so, whether the district court made those findings--receive de novo consideration." United States v. Jones, 983 F.2d 1425, 1429 (7th Cir.1993) (citation omitted). In general, the district court's determination of a defendant's acceptance of responsibility is a factual determination which will be overturned only if clearly erroneous. United States v. Francis, 39 F.3d 803, 807 (7th Cir.1994); United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993), cert. denied sub nom. DuPont v. United States, 114 S.Ct. 2141 (1994). A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a reduction in offense level for acceptance of responsibility. Francis, 39 F.3d at 807; United States v. Robinson, 20 F.3d 270, 273 (7th Cir.1994). The sentencing court's acceptance of responsibility determination is entitled to "great deference". Jones, 983 F.2d at 1434.
 
 
 6
 The Guidelines permit the district court to reduce a defendant's offense level by two points "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a)(1994).[2] Section 3E1.1(b)(2) permits a further one-level reduction where a defendant qualifies for acceptance of responsibility under 3E1.1(a), where the offense level is sixteen or greater and where the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently." U.S.S.G. Sec. 3E1.1(b)(2); see United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir.1994) ("Section 3E1.1(b)(2) is meant to reward early guilty pleas which enhance efficiency for the government and for the court"). Once a district court determines that a defendant is entitled to the two-level reduction under Sec. 3E1.1(a), the "relevant inquiry that remains is whether the defendant ... 'timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.' " United States v. Tallidino, 38 F.3d 1255, 1266 (1st Cir.1994), citing U.S.S.G. Sec. 3E1.1(b); United States v. Tello, 9 F.3d 1119, 1128 (5th Cir.1993).
 
 
 7
 In this case, the district court correctly recognized the inquiry under U.S.S.G. Sec. 3E1.1(b)(2) as one of timeliness and concluded that the defendant's plea was not timely. We agree. Although the defendant's motion to suppress was denied on April 11, 1994, the defendant's guilty plea was not entered until the morning of trial itself, more than a month later, on May 31, 1994, after the trial had been continued on the court's calendar three times. Further, in addition to the imposition upon the court's calendar, the record reflects that the defendant's belated and last-minute plea compelled the government to issue subpoenas, to ensure the availability of witnesses and to otherwise prepare for trial.
 
 
 8
 The court has a solid basis for not awarding an offense level reduction under U.S.S.G. Sec. 3E1.1(b)(2) when the defendant, as here, pleads guilty on the morning of trial and is given several continuances of the trial date. The court and the government must prepare for trial. Francis, 39 F.3d at 807-08 (no reduction allowed where defendants did not enter guilty plea until one week before trial, after trial had been rescheduled on several occasions, compelling the government to prepare for the contingency that the defendants might go to trial); United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.) (guilty plea eleven days before trial untimely where significant trial preparation had occurred), cert. denied, 115 S.Ct. 609 (1994); United States v. Robinson, 14 F.3d at 1203 (7th Cir.1994) (no entitlement to Sec. 3E1.1(b) reduction where after government prepared for trial plea entered four days prior to trial); United States v. Morillo, 8 F.3d 864, 871 (1st Cir.1993) (conditional offer to plead guilty not enough when trial dates remains set and government continues preparation).
 
 
 9
 Defendant asserts that he notified the government well in advance that he proposed to plead guilty if his suppression motion was denied. He thus argues that he should receive the one-level reduction. But "[u]ntil the defendant actually pleaded guilty, [he] could still change [his] mind and the government still had to prepare for the contingency that the [defendant] might elect to go to trial." Francis, 39 F.3d at 807; Morillo, 8 F.3d at 872. Because both the court and the government were compelled to prepare for trial, the district court properly concluded that defendant was not entitled to the additional one-level reduction under U.S.S.G. Sec. 3E1.1(b)(2).
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The court found defendant's total offense level with a two-level reduction for acceptance of responsibility to be level twenty-six, criminal history category II, resulting in a sentencing range of 70-87 months. With the additional one-level reduction, Wilson would have been at level 25 with a sentencing range of 63-78 months. Had Wilson received the extra one-level reduction, he would have received a sentence of sixty-three months because the court explicitly found that whatever Guideline range applied, "[Wilson] should be at the minimum."
 
 
 [2]
 In pertinent part, U.S.S.G. Secs. 3E1.1(a) and (b) provide:
 Sec. 3E1.1 Acceptance of Responsibility
 (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 (b) If the defendant qualifies for a decrease under subsection (a), the offense level ... is level 16 or greater, and the defendant has assisted authorities ... by ...:
 * * *
 (2) timely notifying the authorities of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.