# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

94-50694

_____


UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　Plaintiff-Appellee,


versus


DONALD KEITH WILLIAMS,

　　　　　　　　　　　　　　　　　Defendant-Appellant.


_____

Appeal from the United States District Court for the
Western District of Texas
-------------------------------------------------

January 30, 1996

Before POLITZ, Chief Judge, HILL* and DeMOSS,
Circuit Judges.

JAMES C. HILL, Circuit Judge:

----------------------
* Circuit Judge of the Eleventh Circuit, sitting by
designation.

Appellant Donald Keith Williams, a thrice-convicted felon,[1] appeals his conviction and sentence for unlawfully possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Williams claims that the district court erred in refusing to grant him an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2).[2] Finding no clear error by the district court, we AFFIRM Williams' conviction and sentence.

I. FACTUAL AND PROCEDURAL BACKGROUND

In February, 1992, at the H & H Lounge in Temple, Texas, Williams met with owner/bartender/bouncer Roy Wood. Wood gave Williams ammunition, *i.e.,* four or five .25 caliber pistol rounds. Later that night, Williams was in a fight with another bar patron and was physically removed from the bar premises by Wood. While escorting Williams to the door, Wood felt a pistol in the breast pocket of Williams' green army fatigue jacket.

---

[1] Williams was convicted in 1983, of delivery of methamphetamine and delivery of marijuana. In 1987, he was convicted of burglary.

[2] A second issue raised by Williams, for the first time on direct appeal, that his trial counsel was ineffective by failing to advise him to enter a conditional plea, is without merit and not discussed.

The remaining patrons left the bar and the fight continued in the parking lot. A few minutes later, Williams returned to the lounge, banged on the door, and demanded to be let in. Wood saw a small caliber handgun in Williams' hand and called police.

Williams fled the H & H Lounge in a maroon pickup, passing Temple police officers responding to the call.[3] Two patrol units turned and gave chase for fifteen blocks at speeds approximating seventy to eighty miles per hour. Due to wet road conditions, the police officers did not attempt to overtake the maroon pickup, just keep it within their vision. When they lost sight of the vehicle, they notified the radio dispatcher and terminated pursuit. Meanwhile, Williams drove the pickup through a cemetery, some medium-sized trees, and a barbed-wire fence. He flipped it over at a nearby playground and left it to rest, right side up, on top of a jungle gym set. Unobserved by police, Williams then fled the area on foot, leaving behind his green army fatigue jacket containing a Raven MP25 .25 caliber pistol with an

---

[3] These police officers would later identify the man they passed from a photograph as Donald Keith Williams.

obliterated serial number. Nine months later, a grand jury returned a one-count indictment against Williams.

Williams remained a fugitive for more than two years. Upon his arrest in March, 1994, he gave a voluntary statement to authorities that he was the person who possessed the gun, and that he had acquired it at the time he stole the maroon pickup.

On the day of trial, without a plea agreement, Williams pleaded guilty to the one-count indictment charging him with being a felon in possession of a firearm. Based upon an offense level of thirty-one and a criminal history category of VI, the district court sentenced Williams in the middle of the sentencing guideline range, *i.e.,* a term of 210 months' imprisonment and five years' supervised release. He is currently incarcerated.

## II. STANDARD OF REVIEW

This court reviews a district court's finding of acceptance of responsibility for sentencing purposes for clear error but "under a standard of review even more deferential than a pure clearly erroneous standard."

4

United States v. Gonzales, 19 F.3d 982, 983 (5th Cir.) (internal citation and quotation omitted), cert. denied, 115 S. Ct. 229 (1994).

## III. DISCUSSION

On appeal, Williams contends that the district court erred in refusing to give him a three-level, instead of a two-level, downward adjustment in his offense level for acceptance of responsibility. U.S.S.G. §§ 3E1.1(b)(1) and (2); (a). The district court based its finding on the recommendation of the probation officer in her Presentence Investigation Report (PSR).

In the PSR, the probation officer recommended a two-level *vis a vis* three-level reduction as Williams had entered his guilty plea on the same day as his case was set for trial, thereby causing the government to prepare for trial. The probation officer also noted that Williams did not "timely provide complete information to the government concerning his own involvement in the offense," U.S.S.G. § 3E1.1(b)(1), as Williams absconded for over two years before being arrested.[4]

---

[4] When Austin, Texas police officers stopped Williams on March 17, 1994, he initially gave them a false name, but later admitted his true name and told the officers that he was "tired of running."

Section 3E1.1(b), U.S.S.G., sets forth a three-part test to determine whether a defendant is entitled to the additional one-level reduction. United States v. Mills, 9 F.3d 1132, 1136 (5th Cir. 1993). The sentencing court is directed to grant the additional decrease if: (1) the defendant qualifies for the basic two-level decrease for acceptance of responsibility under § 3E1.1(a); (2) the defendant's offense level is sixteen or higher before the two-level reduction under § 3E1.1(a); and, (3) the defendant timely "assisted authorities" by either: (a) providing complete information to the government concerning his own involvement in the offense; or (b) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to *avoid preparing for trial and permitting the court to allocate its resources efficiently.* United States v. Tello, 9 F.3d 1119, 1124-25 (5th Cir. 1993) (emphasis added). If the defendant satisfies all three prongs of the test, the district court is "without any sentencing discretion" to deny the additional one-level decrease. Mills, 9 F.3d at 1138-39.

In this case the district court denied Williams' suppression motion and Williams entered his guilty plea

both on the same day -- the day of trial.[5]  Williams argues that he satisfied the third prong of the test by pleading guilty.  See U.S.S.G. § 3E1.1(b)(2).

Subsection (b)(2), U.S.S.G., defines timely acceptance in functional, not exclusively temporal, terms.  United States v. Kimple, 27 F.3d 1409, 1412 (9th Cir. 1994).  That is, a defendant is entitled to the additional reduction for timely notifying the authorities of his intention to plead guilty if the two goals of that provision are fulfilled:  (1) the government avoids needless trial preparation, and (2) the court is able to allocate its resources efficiently.  Id., see U.S.S.G. § 3E1.1(b)(2).  Application Note 6 provides in pertinent part:

> For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process *so that the Government may avoid preparing for trial and the court may schedule its calendar efficiently.*

§ 3E1.1, comment. (n.6) (Nov. 1992) (emphasis added); Kimple, 27 F.3d at 1412.  Note 6 further explains that

---

[5] Cf. United States v. Bell, No. 93-2663 (5th Cir. 1994) (unpublished) (where a guilty plea entered on the day of trial was untimely in a case where the defendant's motion to suppress had been denied eleven days prior to trial).

"*[i]n general*, the conduct qualifying for a decrease . . . under subsection [(b)(2)] will occur particularly *early in the case.*" Id. (emphasis added). That provision is also careful to point out, however, that the timeliness consideration is context specific. Id.[6]

A recent Seventh Circuit case, United States v. Covarrubias, 65 F.3d 1362 (7th Cir. 1995), decided after

---

[6] A defendant who pleads guilty on the eve of trial is not entitled to the additional one-level reduction for timely acceptance of responsibility under subsection (b)(2). Kimple, 27 F.3d at 1413, citing United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir. 1994) (guilty plea four days before trial not timely acceptance); United States v. Schau, 1 F.3d 729, 731 (8th Cir. 1993) (defendant not entitled to timely acceptance reduction where government had already prepared for trial before defendant confessed and pled guilty); United States v. Donovan, 996 F.2d 1343, 1345 (1st Cir. 1993) (defendant not entitled to timely acceptance reduction where defendant's plea agreement was reached on the eve of a second trial date); United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993) (a defendant who "stands poised on the brink of trial has no entitlement to the [(b)(2) reduction]." Eve of trial pleas defeat the purpose of subsection (b)(2) and do not necessarily serve to vindicate the defendant's constitutional rights. Kimple, 27 F.3d at 1413. The defendant's guilty plea must come early enough in the proceedings to preclude the government from preparing for trial and to enable the court to avoid unnecessarily expending judicial resources. Id.; see also United States v. Wilson, 52 F.3d 329 (7th Cir. 1994) (unpublished) (where one-level decrease was denied when motion to suppress hearing was held on March 11, the order denying motion to suppress was entered on April 11, the trial was continued until April 25, and again until May 31, and guilty plea entered on the morning of trial, May 31).

briefs in this case were filed, closely parallels our own. In <u>Covarrubias,</u> the hearing on the defendant's suppression motion was held on November 7, the morning of trial, and, Covarrubias pleaded guilty as soon as the motion was denied. The district court denied Covarrubias the one-level reduction. The only fact that distinguishes <u>Covarrubias</u> from this case is that the original suppression hearing was scheduled for October 21, but continued over until November 7, the day of trial, at Covarrubias' request. Covarrubias did not inform the government that he would be pleading guilty in the event that the suppression motion was denied.[7] The Seventh Circuit found that because Covarrubias made no attempt to conserve government and court resources prior to the day of trial, the district court did not clearly err in denying him the additional reduction. We find that the same rationale applies here.

## IV. CONCLUSION

---

[7] <u>See</u> <u>United States v. Narramore</u>, 36 F.3d 845, 846 (9th Cir. 1994) (pretrial motion to dismiss would have "completely obviated" trial and a conditional offer to plead guilty therefore would have prevented trial preparation); <u>cf.</u> <u>United States v Morillo</u>, 8 F.3d 864, 872 (1st Cir. 1993) (even a conditional offer to plead guilty does not entitle a defendant to an additional reduction under U.S.S.G. § 3E1.1(b)(2)).

The district court did not clearly err in refusing to give Williams an additional one-level reduction for sentencing purposes for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). We affirm Williams' conviction and sentence.

AFFIRMED.