**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-50329
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONEL LOPEZ-TORRES

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(A-94-CR-143-4)

May 17, 1996

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leonel Lopez-Torres appeals the sentence imposed for his guilty plea conviction of possession with intent to distribute marihuana, 21 U.S.C. § 841(a)(1). Concluding that Lopez-Torres was entitled to an additional one-level reduction under U.S.S.G. § 3E1.1(b)(2) for acceptance of responsibility, we vacate in part, affirm in part, and remand for resentencing.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

## Background

The guilty plea was entered pursuant to a plea agreement. Lopez-Torres sought and received a two-point offense level reduction for acceptance of responsibility under Section 3E1.1(a). The district court, however, declined to reduce the offense level an extra point under Section 3E1.1(b). The Sentencing Guidelines computation by the court was an offense level of 30 and a criminal history category of II, which resulted in a sentencing range of 108-135 months. Lopez-Torres was sentenced to 135 months imprisonment, 3 years supervised release, a $15,000 fine, and a $50 special assessment. He timely appealed.

## Analysis

The standard governing entitlement to the additional one-level reduction under Section 3E1.1(b) is well-established in this circuit:[1]

> Section 3E1.1(b), U.S.S.G., sets forth a three-part test to determine whether a defendant is entitled to the additional one-level reduction. *United States v. Mills*, 9 F.3d 1132, 1136 (5th Cir. 1993). The sentencing court is directed to grant the additional decrease if: (1) the defendant qualifies for the basic two-level decrease for acceptance of responsibility under § 3E1.1(a); (2) the defendant's offense level is sixteen or higher before the two-level reduction under § 3E1.1(a); and, (3) the defendant timely 'assisted authorities' by either: (a) providing complete information to the government concerning his own involvement in the offense; or (b) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. *United States v. Tello*, 9 F.3d 1119, 1124-25 (5th Cir. 1993) (*emphasis added*). If the defendant satisfies all three prongs

---

[1]The government's contention that this case should be reviewed for plain error is meritless; Lopez-Torres requested the extra one-level reduction in both his written objections to the presentence report and at the sentencing hearing.

of the test, the district court is 'without any sentencing discretion' to deny the additional one-level decrease. *Mills*, 9 F.3d at 1138-39.[2]

Lopez-Torres' computation reached a base offense level of 32 and he was given the basic two-level reduction under Section 3E1.1(a). He thus satisfied the first two elements of the tripartite test. As to the third element, the district court, while making no explicit finding,[3] noted that his guilty plea effectively spared the government any significant trial preparation.[4] Our review of the record leads us inexorably to this conclusion and to the further conclusion that the district court was obliged to grant Lopez-Torres the requested additional one-point reduction.

We vacate the sentence as it relates to the term of imprisonment and that portion of the sentence denying the one-point reduction for acceptance of responsibility under Section 3E1.1(b)(2). Upon remand, resentencing is to be

---

[2]*United States v. Williams*, 74 F.3d 654, 656 (5th Cir. 1996).

[3]The government urges that the district court punish Lopez-Torres for not cooperating fully with the authorities. Indeed, it sought a two-point increase for obstruction of justice. The government has not appealed the district court's refusal to adjust Lopez-Torres upward for this so-called "obstruction of justice," and the mandatory nature of Section 3E1.1(b) leaves the district court no discretion to deny the one-point reduction to an eligible defendant. In addition, the district court opined that the reduction for acceptance of responsibility would make no difference due to "overlapping guidelines." While this might have been true when the initial two-level adjustment under Section 3E1.1(a) was considered, the additional one-point reduction reduces Lopez-Torres' offense level to 29 which, with his criminal history category of II, leads to a guidelines range of 97-121 months, beneath the sentence of 135 months imposed.

[4]This point is conceded by the government, which notes in brief that "there are no apparent reasons for denying the third level based on causing the prosecution to prepare for trial or by preventing the court from managing its calendar efficiently." Brief of Government, P. 13, *citing Tello,* 9 F.3d at 1128.

3

based on an offense level of 29 and a criminal history category of II. In all other respects the sentence imposed by the district court is affirmed.

VACATED in part, AFFIRMED in part, and REMANDED for resentencing in accordance herewith.