IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20818
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN WAYNE GRIMES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(96-CR-16)

February 23, 1998

Before JOHNSON, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

Nathan Wayne Grimes appeals his guilty plea conviction for abusive sexual conduct in violation of 18 U.S.C. § 2244(a)(1) on several grounds.

First, Grimes contends that the district court erred in increasing his offense by two levels pursuant to United States Sentencing Guidelines section 2A3.4(b)(3) for abuse of a position of trust. A district court's findings of fact in support of its

_____

* Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

application of the Guidelines are reviewed for clear error. <u>United States v. Ismoila</u>, 100 F.3d 380, 394 (5th Cir.), <u>cert</u>. <u>denied</u>, 117 S.Ct. 1712 (1997). After a careful review of the record and the controlling authorities, this Court holds that the district court did not clearly err in determining that Grimes' sentence should be enhanced for abuse of a position of trust.

Second, Grimes argues that the district court erred in awarding him two, rather than three, reduction points for acceptance of responsibility. A district court's finding of acceptance of responsibility for sentencing purposes is a fact question that turns on the determination of credibility made by the fact finder. <u>United States v. Spires</u>, 79 F.3d 464, 467 (5th Cir. 1996). The standard of review for this fact finding is "even more deferential than clear error." <u>Id</u>. Section 3E1.1(b) of the United States Sentencing Guidelines sets forth a three part test to determine whether a defendant is entitled to an additional reduction point. <u>See</u> <u>United States v. Williams</u>, 74 F.3d 654, 656 (5th Cir. 1996); <u>United States v. Mills</u>, 9 F.3d 1132, 1136-37 (5th Cir. 1993). After a careful review of the record, this Court holds that the district court did not commit reversible error in denying Grimes an additional reduction point.

Third, Grimes contends that the district court erred in finding that his sentence should be enhanced because his victim was unusually vulnerable. The determination of vulnerability for the purpose of sentencing is "a complex fact dependent upon a number of

2

characteristics which a trial court could not possibly articulate completely." United States v. Kuban, 94 F.3d 971, 975 (5th Cir. 1996) (citing United States v. Scurlock, 52 F.3d 531, 542 (5th Cir. 1995)), cert. denied, 117 S.Ct. 716 (1997).  Therefore, a trial court's finding of vulnerability is accorded due deference.  Kuban, 94 F.3d at 975.  Such a finding is reviewed to determine whether it is plausible in light of the record as a whole.  Id.  After a careful review of the record and the controlling authorities, this Court holds that the district court did not clearly err in finding that Grimes' victim was unusually vulnerable and enhancing his sentence accordingly.

Fourth, Grimes argues that the district court erred in upwardly departing from the sentencing guidelines.  A district court's decision to depart upward is reviewed for abuse of discretion.  United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).  The sentencing guidelines expressly authorize upward departures "[i]f reliable information indicates that the criminal history category does not adequately reflect the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3.  After a careful review of the record, the arguments, and the controlling authorities, this Court holds that the district court did not abuse its discretion in departing upward.

Finally, for the first time on appeal, Grimes asserts that the district court erred in considering rehabilitation in crafting his

3

sentence. Specifically, he argues that the district court increased the term of his sentence so that he would qualify for the Sex Offenders Treatment Program. Assuming Grimes' assertions are a challenge to the propriety of the length of his sentence,[1] this Court's "review of a sentence imposed under the guidelines is confined to determining whether a sentence was imposed in violation of the law or as a result of an incorrect application of the sentencing guidelines." United States v. Shipley, 963 F.2d 56, 58 (5th Cir.), cert. denied, 506 U.S. 925 (1992). Even liberally construed, Grimes' remaining assertions fail to meet the standards set forth in Shipley, or are addressed above. After a careful review of the record and the controlling authorities, this Court holds that Grimes' remaining assertions lack merit.

Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1]Grimes asserts that the district court improperly took into account rehabilitative concerns when determining the duration of his sentence. However, trial courts may consider such concerns when determining the length of a sentence within a permissible guidelines range. United States v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995); United States v. Lara-Velasquez, 919 F.2d 946, 956-57 (5th Cir. 1990). Grimes has not demonstrated that the district court considered rehabilitative concerns in an improper context.