IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 96-31070 and 97-30424
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEEVERNE FISHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CR-16-N)

_____

October 15, 1998

Before KING, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[%]

Leeverne Fisher plead guilty on March 8, 1993, to conspiracy to possess with the intent to distribute in excess of fifty kilograms of marihuana. He was sentenced on September 23, 1996, to 103 months' imprisonment. In No. 96-31070, Fisher appeals his conviction and sentence. Fisher subsequently filed a motion in the district court seeking relief from the judgment, challenging both his sentencing in abstentia and alleged inaccuracies in the Presentence Report (PSR). The district court denied the motion on

[%] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

November 6, 1996, explaining that Fisher could present the issues on his direct appeal.  In February 1997, Fisher moved again for relief from the judgment.  The district court construed this as a motion for reconsideration of its November 6, 1996 order and denied the motion on April 14, 1997.  In No. 97-30424, Fisher appeals the district court's order issued on April 14, 1997.  The appeals have been consolidated.  We affirm.

## I. BACKGROUND
### A. Factual Background

In August 1990, a U.S. Customs confidential informant contacted Leeverne Fisher regarding the smuggling of approximately 1200 pounds of marihuana from Jamaica to the United States.  The confidential informant introduced a U.S. Customs agent to Fisher and a Jamaican individual known as "Cappi", telling Fisher and Cappi that the Customs agent was a source of transportation and a potential financier for the marihuana smuggling venture.  The Customs agent was advised that Fisher and Cappi had access to large quantities of marihuana in Jamaica.  The three made preliminary plans at that time.  Later, they determined that Fisher would provide the drop-site, off-load crew and storage facility for the marihuana.  Fisher and the Customs agent made several trips to locate a drop-site.  They eventually agreed on a tract of land in Anson County, North Carolina to serve as a drop-site.

In early December 1990, the Customs agent told Fisher that he would not be able to finance the venture; however, the Customs

agent also said that he had been contacted by another individual who requested that he transport a large quantity of marihuana into the United States. The Customs agent requested the use of the drop-site, off-load crew and storage facility in Anson County, North Carolina that Fisher had arranged for the venture originally proposed. Fisher subsequently agreed to this arrangement.

On January 3, 1991, the officers circled the property where the drop was to occur. As bales from the drop hit the ground, individuals began retrieving what they believed to be marihuana. The agents then closed in and arrested everyone except for Fisher, who fled the scene and remained a fugitive until his arrest on September 24, 1992.

## B. Procedural History

Fisher was indicted in North Carolina in January 1991. On December 3, 1992, the case was transferred to the Eastern District of Louisiana pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Fisher plead guilty on March 8, 1993, to conspiracy to possess with the intent to distribute in excess of fifty kilograms of marihuana. He was sentenced on June 30, 1993, to 115 months' imprisonment, four years' supervised release, and a $50 special assessment. The Government subsequently requested, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, that the court lower the sentence to reward Fisher for providing substantial assistance to the Government. The court complied with this request, and on July 29, 1993, the court resentenced Fisher to 103

3

months' imprisonment and four years' supervised release. Fisher did not appeal.

Fisher filed two motions seeking leave to file an out-of-time direct appeal, alleging that his attorney was ineffective and had failed to file a notice of appeal despite Fisher's requests that he do so. The district court denied the motions and treated the second motion as an appeal from its denial of the first motion. This court dismissed Fisher's appeal, determining that Fisher's second motion could not be treated as a notice of appeal of the district court's denial of Fisher's first motion. Because the motion was an untimely attempt to appeal the sentence imposed on July 29, 1993, this court lacked jurisdiction to entertain it.

Fisher filed a motion pursuant to 28 U.S.C. § 2255, alleging that the district court failed to inform him of his right to appeal and that counsel was ineffective for failing to perfect an appeal. The Government conceded that § 2255 relief was warranted. The district court granted the § 2255 motion, vacated Fisher's judgment of conviction and sentence, resentenced Fisher to 103 months' imprisonment and four years' supervised release, and gave Fisher ten days to file a notice of appeal.

Fisher filed a timely notice of appeal. He also filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b), challenging his sentence on the basis that he was not present for sentencing and challenging alleged inaccuracies in the PSR. The district court denied the motion on November 6, 1996, explaining that Fisher would have the opportunity

4

to present these issues on direct appeal.  Fisher moved again for relief from the judgment.  The district court construed this as a motion for reconsideration of the denial of Fisher's  Rule 60(b) motion and denied the motion on April 14, 1997.  Fisher appeals that order.


## II. ANALYSIS

A. No. 97-30424 - Appeal from the District Court's April 14, 1997 Order

We first address Fisher's appeal from the district court's order issued on April 14, 1997.  Although the Federal Rules of Criminal Procedure do not explicitly authorize a motion for rehearing of a district court order, this court has sanctioned the use of motions for reconsideration in criminal proceedings.  See United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982).  A motion for reconsideration does not, however, extend the time for challenging the district court's order.  "[I]n criminal proceedings, petitions for rehearing of orders affecting final judgment are timely filed if made within the period allotted for the noticing of an appeal."  Id. (citations omitted).

Fisher's second motion for relief from the judgment, which was denied on April 14, 1997, challenged the Government's response to Fisher's prior motion for relief from the judgment and raised issues related to Fisher's resentencing.  Fisher timely appealed from the order denying this motion.  However, the motion itself was not filed timely.  It was filed on February 10, 1997, 138 days

5

after the September 1996 resentencing judgment and 96 days after the November 6, 1996, order denying the previous motion for relief from the judgment of resentencing.

This motion filed on February 10, 1997, and denied on April 14, 1997, was "an unauthorized motion which the district court was without jurisdiction to entertain." United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994) (defendant's postjudgment motion for reduction of sentence was unauthorized and without a jurisdictional basis and did not extend the time for taking an appeal). The motion cannot be considered a Federal Rule of Criminal Procedure 35 motion because the provisions of Rule 35 do not apply to this situation. See id. at 141. Likewise, the motion does not satisfy the criteria required by 18 U.S.C. §§ 3582, 3742. See id. at 142. The motion also cannot be considered a valid motion for reconsideration of the denial of the first Rule 60(b) motion, because it challenged the judgment of resentencing and was not filed within ten days of the entry of the order denying the first motion. See Cook, 670 F.2d at 48; see FED. R. APP. P. 4(b).

Fisher's motion filed on February 10, 1997, was unauthorized. The district court was without jurisdiction to entertain this motion. Fisher "has appealed from the denial of a meaningless, unauthorized motion." Early, 27 F.3d at 142. Although technically the district court should have dismissed the motion for lack of jurisdiction, we can affirm his denial of the motion. Id.

B. No. 96-31070 - Fisher's Right to Be Present at the September 23, 1996 Sentencing

We now address the issues raised in Fisher's direct criminal appeal. First, Fisher contends that the district court erred in resentencing him in abstentia, without the right of allocution, and without representation by counsel. He contends that he wished to present mitigating information to the district court before he was resentenced.

"The sentencing is, . . ., a critical stage of the proceedings against the accused, at which he is constitutionally entitled to be present and represented by counsel." United States v. Huff, 512 F.2d 66, 71 (5th Cir. 1975) (citation omitted); See FED. R. CRIM. P. 43(a). "A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking." United States v. Patterson, 42 F.3d 246, 248 (5th Cir. 1994). In this case, the district court did not resentence Fisher. The court merely reinstated the judgment on the docket sheet, following the grant of Fisher's § 2255 motion, to allow the appeal time to run anew. This procedure was approved in Mack v. Smith, 659 F.2d 23, 26 (5th Cir. 1981). The district court did not alter Fisher's sentence. Fisher had the opportunity to challenge the PSR at his sentencing hearing in 1993. He cannot transform the grant of the § 2255 relief he requested into another opportunity to raise sentencing issues in the district court. Fisher's contentions are without merit.

### C. Exculpatory Information

Second, Fisher contends that the Government deprived him of the right to due process of law by withholding exculpatory

7

information that would have affected his sentencing.  Fisher contends that the Government was aware of testimony obtained at his codefendant's trial which would have established that Fisher was responsible for only 200 pounds of marihuana, not 1200 pounds.

Fisher did not raise this issue in the district court at sentencing or in his post-judgment motions.  Therefore, review is limited to plain error.  See United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997).  Under Federal Rule of Criminal Procedure 52(b), this court may correct forfeited errors only when the appellant shows the following factors:  (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)).  If these factors are established, the court has discretion to correct the forfeited error, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 736.

A defendant's right to due process is violated when, upon request for exculpatory evidence, the Government conceals evidence that is both favorable to the defendant and material to the defendant's guilt or innocence.  Brady v. Maryland, 373 U.S 83, 87-88 (1963).[2]  "The evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense,

---

[2] United States v. Agurs, 427 U.S. 97, 103-07 (1976), extends this disclosure requirement to cases in which the defendant does not request the information.

8

the result of the proceeding would have been different." <u>United States v. Stephens</u>, 964 F.2d 424, 435-36 (5th Cir. 1992)(internal quotation and citation omitted).  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

The Government contends, <u>inter alia</u>, that there was no <u>Brady</u> violation because Fisher entered a valid guilty plea, admitting his involvement with the 1200-pound figure established in the PSR.  We agree.  Fisher pleaded guilty to a charge of conspiracy to possess with intent to distribute in excess of 50 kilograms of marihuana.  The Government stated in the factual basis for the plea that Fisher was involved in negotiations to air drop 1200 pounds of marihuana.  Fisher had no complaints about the Government's factual basis and he admitted that the factual basis was true.  The PSR calculated Fisher's base offense level on the 1200 pound figure.  Fisher did not file objections to the PSR and he did not object at sentencing.  Fisher does not explain how the testimony at his codefendant's trial supports his claim that he should be held responsible for only 200 pounds of marihuana.  Fisher has not established a <u>Brady</u> violation.

Fisher also contends that the Government withheld information in violation of the Jencks Act.  Under the Jencks Act, the Government must produce any "'statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.'"  <u>United States v. Fragoso</u>, 978 F.2d 896, 899 (5th Cir. 1992) (quoting 18 U.S.C. § 3500(b)).

9

Fisher does not identify any specific statements which the Government may have withheld. To the extent that he is reasserting a violation due to the Government's failure to produce the transcript from his codefendant's trial, his contention is without merit.

### D. Quantity of Marihuana

Third, Fisher contends that his sentence should have been based on only 200 pounds of marihuana. He contends that he agreed to sell only 200 pounds and he had no intention of, nor capability of, producing or distributing 1200 pounds. He also contends that the district court should have made a finding regarding the quantity of drugs.

A district court's determination of the quantity of drugs attributable to the defendant for purposes of calculating a defendant's offense level is a factual finding that is reviewed for clear error. United States v. Vine, 62 F.3d 107, 109 (5th Cir. 1995). However, because Fisher did not raise this issue in the district court, our review is limited to plain error. See FED. R. CRIM. P. 52(b); see Calverley, 37 F.3d at 162-64.

When an offense involves negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount, except the court shall exclude any amount it finds that the defendant did not intend to produce or was not reasonably capable of producing. U.S.S.G. § 2D1.1, comment. (n. 12)(1992); see United States v. Davis, 76 F.3d 82, 85-86 (5th Cir. 1996) (court may

attribute to defendant the amount of an unconsummated transaction, unless the defendant did not intend or was not reasonably capable of producing that amount). A defendant who participates in a drug conspiracy is accountable for the quantity of drugs attributable to the conspiracy and reasonably foreseeable to him. U.S.S.G. § 1B1.3(a)(1)(B).

The PSR is considered reliable evidence for sentencing purposes. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). A district court may adopt facts contained in the PSR without further inquiry if there is an adequate evidentiary basis and the defendant does not present rebuttal evidence. United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). The defendant bears the burden of proving that the information is "materially untrue, inaccurate, or unreliable." United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).

The PSR provided that Fisher contacted a U.S. Customs confidential informant (CI) regarding the smuggling of 1200 pounds of marihuana by plane from Jamaica. Fisher offered to provide the drop-site, the crew and the storage facility. He made several trips with the CI and a Customs Agent to find a drop-site, and a site was selected. The agent subsequently changed the plans, informing Fisher that he could not provide the money for the smuggling venture. The agent mentioned, however, that he knew someone who wanted to use the drop-site to transport a large quantity of marihuana into the United States. Fisher indicated that the prior chosen drop-site would be available and that they

11

could store 1000 to 1500 pounds of marihuana there.  Fisher was present at a meeting where diagrams of the drop-site were provided.  On the night of January 3, 1991, Government officers dropped bales of purported marihuana at the site.  Fisher's codefendants were apprehended that night; Fisher fled.  The PSR contained all of this information.

The information in the PSR demonstrates that the drug conspiracy involved at least 1200 pounds of marihuana and that Fisher intended to complete the transaction.  Fisher did not present evidence that he was incapable of completing his part of the transaction.  Additionally, Fisher admitted his involvement at rearraignment, and he admitted his guilt to the probation officer and to the judge at sentencing.  The district court did not err in basing Fisher's offense level on 1200 pounds of marihuana.

### E. Reduction in Offense Level for Pleading Guilty

Fourth, Fisher contends that the district court erred in not reducing his offense level by three points for acceptance of responsibility, because he plead guilty before the Government began preparing for trial.  Because Fisher did not raise this issue before or during sentencing, this court's review is limited to plain error.  See FED. R. CRIM. P. 52(b); see Calverley, 37 F.3d at 162-64.

"If a defendant 'clearly demonstrates acceptance of responsibility for his offense,' the sentencing guidelines instruct the district court to decrease the defendant's offense level by two and possibly three points."  United States v. Tremelling, 43 F.3d

148, 152 (5th Cir. 1995) (citation omitted); U.S.S.G. § 3E1.1(a) and (b).  This court affords deference to a district court's finding on the reduction for acceptance of responsibility.  See United States v. Gonzales, 19 F.3d 982, 983 (5th Cir. 1994).

The district court reduced Fisher's offense level by two points for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).  Section 3E1.1(b) sets forth a three-part test to determine whether a defendant is entitled to an additional one-level reduction.  United States v. Mills, 9 F.3d 1132, 1136 (5th Cir. 1993).  The sentencing court is directed to grant the additional decrease if (1) the defendant qualifies for the basic two-level decrease for acceptance of responsibility under § 3E1.1(a);  (2) the defendant's offense level is sixteen or higher before the two-level reduction under § 3E1.1(a); and (3) the defendant "assisted authorities" by either (a) timely providing complete information to the Government concerning his own involvement in the offense; or (b) timely notifying authorities of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial and permitting the court to allocate its resources efficiently.  United States v. Tello, 9 F.3d 1119, 1124-25 (5th Cir. 1993).  If the defendant satisfies all three prongs of the test, the district court must grant the additional one-level decrease.  Mills, 9 F.3d at 1138-39.

Fisher satisfied the first two elements of § 3E1.1(b). He contends that he satisfied the third element by pleading guilty. We disagree.  Section 3E1.1(b)(2) "defines timely acceptance in

13

functional, not exclusively temporal, terms." United States v. Williams, 74 F.3d 654, 656 (5th Cir. 1996) (citations omitted). The defendant is entitled to the additional reduction for pleading guilty only if the two goals of the provision are fulfilled: "(1) the government avoids needless trial preparation, and (2) the court is able to allocate its resources efficiently." Williams, 74 F.3d at 656. Application Note 6 provides in pertinent part, "[T]o qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1, comment. (n.6)(1992).

The probation officer refused to recommend the additional level decrease, because Fisher remained a fugitive for twenty months before pleading guilty. By the time Fisher was arrested, all of his coconspirators had been convicted and the Government had already prepared for trial. Accordingly, the two goals of subsection (b)(2) were not fulfilled. See Williams, 74 F.3d at 656. The district court did not err in refusing to grant the additional reduction in offense level.[3]

---

[3] The Government's argument that Application Notes 1(d) and 3 support the denial of the additional reduction is not convincing. Application Notes 1 and 3 apply to § 3E1.1(a), not § 3E1.1(b). Although the district court could have denied Fisher any reduction for acceptance of responsibility because he remained a fugitive for 20 months after he was indicted, see United States v. Chapa-Garza, 62 F.3d 118, 122-23 (5th Cir. 1995), it did not do so. We do not decide today whether, under the circumstances, the district court had the discretion to deny
the additional one-point reduction based on the defendant's status as a fugitive. Our decision that the court did not err in refusing

14

## F. Validity of Fisher's Conviction

Fifth, Fisher contends that his conviction is invalid because the district court lacked jurisdiction to convict him of possession with intent to distribute a controlled substance. He asserts that the Government produced and dropped bales of hay, not marihuana. We note that Fisher was not convicted of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Rather, he was convicted of conspiracy to possess with intent to distribute in excess of fifty kilograms of marihuana in violation of 21 U.S.C. § 846, which provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The elements of conspiracy to possess with intent to distribute marihuana are: "(1) the existence of an agreement to possess marihuana with the intent to distribute, (2) knowledge of the agreement, and (3) voluntary participation in the agreement." United States v. Cortinas, 142 F.3d 242, 249 (5th Cir. 1998)(citation omitted). The Government need not prove an overt act in furtherance of the conspiracy. United States v. Ross, 58 F.3d 154, 159 n.7 (5th Cir. 1995). The evidence supports the finding that there was an agreement to possess marihuana with the intent to distribute it, Fisher had knowledge of the agreement, and

to grant the additional one-point reduction is based on the fact that the Government had already prepared for trial when Fisher plead guilty, not on the notion that Fisher's remaining a fugitive is inconsistent with an acceptance of responsibility.

15

Fisher voluntarily participated in the agreement. It is not necessary to prove that the substance dropped was actually a controlled substance. Fisher's contention is without merit.

## G. Ineffective assistance of counsel

Sixth, Fisher contends that his trial attorney provided ineffective assistance because he failed to investigate, and object to, the drug quantity established by the PSR. Fisher asserts that his counsel did not put the Government's case to adversarial testing and that his counsel stood silent at sentencing. Fisher contends that his counsel failed to request Brady material; failed to object to the district court's jurisdiction; failed to object to the PSR prior to, and at sentencing; and failed to move for an additional one-point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Finally, Fisher contends that his counsel failed to assert that Fisher was entitled to a three-point reduction under U.S.S.G. § 2X1.1(b) for merely attempting to complete the object of the conspiracy.

The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court, since no opportunity existed to develop the record on the merits of the allegations. United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). Fisher has not raised, and the record has not been developed on, these issues. Therefore, we decline to address Fisher's ineffectiveness claim in this direct appeal.

16

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order issued on April 14, 1997 (No. 97-30424); and we AFFIRM the defendant's conviction and sentence (No. 96-31070).

17